**OLINGER et al. v. PARTRIDGE,**
Brigadier Gen.

No. 13056.

United States Court of Appeals
Ninth Circuit.

May 15, 1952.

Nicholas Ferrara, Los Angeles, Cal., for appellants.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty. Chief, Civil Division, Robert K. Grean, Asst. U. S. Atty., all of Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

It is claimed in the petition of Ruth Huffman for habeas corpus on behalf of A. Paul Olinger that he was licensed as a first assistant engineer of steam vessels on November 9, 1948, and that since the Korean War began in June, 1950, and the President proclaimed a National Emergency on December 16, 1950, he is not liable to the Selective Service draft, Title 50 U.S.C.A. Appendix, § 451 et seq. because of an exemption under the provisions of Title 46 U.S.C.A. § 225, enacted May 28, 1896.[1] He was inducted into the Army of the United States on February 6, 1951, through the Selective Service system and his contention is that since he has not been assigned to nor has he been performing the duties of a first assistant engineer of the Merchant Marine he is illegally restrained by Army officials in violation of Title 46 U.S.C.A. § 225. The petition was dismissed for lack of jurisdiction and the judgment of dismissal is here on appeal on behalf of Olinger.

Local Draft Board No. 126, Long Beach, California, hereinafter referred to as "draft board", acting under authority of the Selective Service Act and Regulations of the United States, classified Olinger as 1–A on October 8, 1948, and mailed to him

---

1. Title 46 U.S.C.A. § 225: " * * * No * * * engineer of steam vessels licensed under this chapter shall be liable to draft in time of war, except for the performance of duties such as required by his license; and while performing such duties in the service of the United States every such * * * engineer shall be entitled to the highest rate of wages paid in the merchant marine of the United States for similar services; * * *."

a notice of that classification on October 11, 1948. The classification form which was sent contained a notice that an appeal from the classification must be made within 10 days.[2] During the years 1948 and 1949 Olinger did not appeal from the classification and made no effort to appear and discuss his classification or to present new information to the draft board.

In August, 1950, upon receipt of a notice to report for a physical examination and prior to the date fixed for the physical examination, Olinger personally appeared at the draft board and orally requested a reclassification. No action has been taken on the request.

He failed to report for his physical examination on August 15, 1950, and on September 7, 1950, an order to report for induction on September 18, 1950, was mailed to him. He was unable to report on that date since he was at sea. On February 3, 1951, Olinger again appeared at the draft board to discuss his classification. At that time he was notified to report for induction as a delinquent on February 5, 1951, and was inducted into the Army on the next day.

 Olinger argues that he has exhausted his administrative remedies by not pursuing them. We quote from his brief: "The sole question therefore presented by

this appeal is whether appellant A. Paul Olinger who had not taken an administrative appeal from his classification by the local board, but had undergone actual induction into the military service, may by *habeas corpus* proceedings obtain a judicial review of the legality of his classification and induction." The cases cited in support of this contention are all cases where the administrative remedies have been exhausted, including appeals provided in the Selective Service Regulations, 50 U. S.C.A.Appendix, § 460(b)(3), 32 C.F.R. § 1626. Falbo v. United States, 1944, 320 U. S. 549, 64 S.Ct. 346, 88 L.Ed. 305, is one of them. The theory of exhaustion of administrative remedies by default is without support in precedent or in reasoning. The authorities are all to the effect that the judicial machinery may not be invoked until all administrative remedies have been unsuccessfully pursued. Johnson v. United States, 1942, 8 Cir., 126 F.2d 242. Olinger's inaction does not exhaust his administrative remedies, but rather amounts to a waiver of any rights which he may have claimed under the Selective Service Act.[3]

Furthermore, as of the date of his classification, Olinger was a merchant seaman and as such was not exempt from the draft under the Selective Service Act of 1948.[4]

Affirmed.

---

2. Selective Service Form 110, authorized by Title 32 Code of Federal Regulations § 1626.2(c) (1):
 "Notice of Right to Appeal
 "Appeal from classification by Local Board must be made within 10 days after the mailing of this notice by filing a written notice of appeal with the Local Board.
 "Within the same 10 day period you may file a written request for personal appearance before the Local Board. If this is done, the time in which you may appeal is extended 10 days from the date of mailing of the new Notice of Classification after such personal appearance."

3. 32 C.F.R. § 1626.2(b): "If a registrant or any other person concerned fails to claim and exercise any right or privilege within the required time, he shall be deemed to have waived the right or privilege." See United States ex rel. La-

Charity v. Commanding Officer, 1944, 2 Cir., 142 F.2d 381.

4. See Local Board Memorandum No. 5, issued October 18, 1948, by the National Headquarters, Selective Service System, Re: Status of Former Merchant Seamen Under Selective Service Act of 1948. See, also, 50 U.S.C.A.Appendix, §§ 454, 456, 467. Section 456 sets forth the exclusive bases for deferments and exemptions from training and service, but makes no mention of merchant seamen, and section 454 permits no exemptions from the Selective Service Act "except as otherwise provided in **this title**". Therefore, any exemption under Title 46 U.S.C.A. § 225 is in conflict with the Selective Service Act and is suspended to the extent of such conflict by the provisions of Title 50 U.S.C.A.Appendix, § 467. [Boldface ours.]