## BUSTOS–OVALLE v. LANDON.
### Civ. No. 15074.

United States District Court
S. D. California, Central Division.
May 18, 1953.

David C. Marcus, Los Angeles, Cal., for petitioner.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., and Robert K. Grean, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

BYRNE, District Judge.

Jose Bustos-Ovalle filed a "Petition for Judicial Review" in which the District Director of Immigration at Los Angeles is named respondent.

Ovalle alleges that: he is a native and citizen of Mexico; on May 11, 1950, a warrant of arrest was served upon him charging that he was illegally in this country; on June 7, 1950, a hearing in deportation was held before a hearing officer of the Immigration Service; on November 14, 1950, the hearing officer made his recommendations to the Commissioner of Immigration; on May 5, 1952, the Commissioner issued his decision that "an order of deportation be not entered at this time" but that the privilege of voluntary departure be granted and "if the alien applies for admission to the United States within 3 months after his authorized departure, he be admitted under the 7th proviso to section 3 of the Immigration Act of 1917 [8 U.S.C.A. § 136], * * *."

Ovalle asserts that "there is no outstanding or existing order of deportation or warrant of deportation against the petitioner herein. No deportation order has been entered against the petitioner. He seeks no remedy or relief against any outstanding or existing order of deportation." One might well ask, if there is no attempt to deport or restrain him, why is he complaining? His argument may be summarized in this manner: following the deportation hearing no order for deportation was entered, but the privilege of voluntary departure was granted him. If he decides not to avail himself of the privilege of voluntary departure, the Immigration authorities will probably issue an order of deportation and take him into custody. He states that "if the court should determine that in cases where voluntary departure is granted without an order of deportation being entered, the alien must so accept, he is without the possibility of judicial review in any form of the finding of deportability."

The answer to this argument is obvious. Until an order of deportation is entered there is nothing to remedy. Voluntary departure is a matter of grace. He is not required to accept it, but if he does, he departs voluntarily and the matter is at an end; there is nothing to determine. If he decides not to accept voluntary departure, an order of deportation will be entered and he will be taken into custody. He may then test the legality of deportation by habeas corpus. Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603. Until a deportation order is entered there is no justiciable controversy within the authority of the court to determine. That is to say: if Ovalle wishes to challenge a finding of deportability or any other finding in the deportation order which has been held in abeyance to give him an opportunity to depart voluntarily, his remedy is limited to that prescribed by the Heikkila case. If he is merely seeking advice or assistance in "making up his mind" whether or not to accept voluntary departure, he does not present a problem within the power of a court of justice to decide.

When an alien's *eligibility* for suspension of deportation is in issue a different question arises. Where an official's authority to act depends upon the *status* of the

person affected, that status, *when in dispute,* may be determined by a declaratory judgment proceeding after the exhaustion of administrative remedies. McGrath v. Kristensen, 1950, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173. If Ovalle contends that the Attorney General, acting through his subordinate, the Commissioner of Immigration, refused to exercise his discretion to suspend deportation on the ground that Ovalle is ineligible for suspension of deportation, his status may be determined in a declaratory judgment proceeding.[1] Like the ordinary judgment, a declaratory judgment may be given only when there is a bona fide dispute as to existing legal obligations, and when it is a binding and final determination of those obligations. Judicial power is the power to decide, pronounce and enforce a judgment. Muskrat v. United States, 1910, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246. Absent this power, a court is without authority to act. It may not resolve a disagreement or dispute when its decision cannot be enforced.

Where there has been a failure to exercise agency discretion, the court may not substitute its discretion to fill the gap. It can do no more than to require that the discretion be exercised, one way or the other. To require the Attorney General to exercise his discretion, the court must have jurisdiction over his person. The Attorney General is an indispensable party "if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him". Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 189, 92 L.Ed. 95; Daggs v. Klein, 9 Cir., 1948, 169 F.2d 174. The Attorney General's residence is in the District of Columbia, Connor v. Miller, 2 Cir., 1949, 178 F.2d 755 and the proceeding must be initiated there unless he voluntarily appears and waives the jurisdictional requirement.

If, in a case where eligibility for suspension of deportation is involved, an alien chooses not to seek a determination of his status by declaratory judgment proceedings against the Attorney General prior to an attempt to deport him, he may await the entry of a deportation order and arrest, at which time habeas corpus will be available to him in the district wherein he is present. Heikkila v. Barber, supra. While the range of inquiry in a habeas corpus proceeding is limited, its function is to ascertain whether the procedure complained of has resulted in an unlawful detention. Deprivation of petitioner of basic and fundamental procedural safeguards will be remedied. Eagles v. U. S. ex rel. Samuels, 1946, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308. Surely this would include deprivation of the statutory right to apply for the exercise of the Attorney General's discretion to suspend deportation. Even in habeas corpus the court could not require affirmative action from the Attorney General, who is not before the court, but it could discharge the alien or, in the exercise of its power to "dispose of the matter as law and justice require", section 2243, Title 28, U.S.C.A., it could delay the discharge of the alien for such reasonable time as would permit the Attorney General to correct the defects

1. Petitioner alleges that the hearing officer refused to consider an application for discretionary relief pursuant to section 155, Title 8, U.S.C.A., because the hearing officer considered him deportable under one of the charges contained in section 19(d) of the Immigration Act of 1917, as amended, and therefore ineligible for suspension of deportation. I assume that he intended to allege that the Attorney General, acting through his subordinate, the Commissioner of Immigration, declined to consider his application for suspension of deportation. Under former section 155, Title 8, U.S.C.A., and present section 1254, Title 8, U.S. C.A., application for suspension of deportation must be made to the Attorney General, who is the only person with authority to suspend deportation. The hearing officer does not have authority to make orders. He is a subaltern of the Commissioner, who makes the decisions for and on behalf of the Attorney General, after considering the findings and recommendations of the hearing officer. If Ovalle was denied the right to apply for discretionary relief, the denial was by the Attorney General acting through his subordinate, the Commissioner of Immigration, who made the decision.

which render discharge necessary. Mahler v. Eby, 1924, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549.

Respondent's motion to dismiss is grounded on (1) lack of jurisdiction of the subject matter, and (2) failure to state a claim upon which relief can be granted.

This court has jurisdiction of the subject matter. Petitioner asserted a claim under the immigration laws. To determine whether that claim is well founded, the court must take jurisdiction. "If the complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well as to decide that it has." Montana-Dakota Co. v. Northwestern Public Service Co., 1950, 341 U.S. 246, 71 S.Ct. 692, 694, 95 L.Ed. 912.

The motion to dismiss is granted on the ground of failure to state a claim upon which relief can be granted.

Respondent is requested to present an appropriate order in accordance with local Rule 7.