**BATISTA et al. v. NICOLLS.**
No. 4809.

United States Court of Appeals
First Circuit.
May 19, 1954.

Morton Silfen, New York City (Jacob Levy, Boston, Mass., and Aaron L. Danzig, New York City, with him on brief), for appellants.

Francis J. DiMento, Asst. U. S. Atty. (Anthony Julian, U. S. Atty., Boston, Mass., with him on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

This is a consolidated appeal from judgments of the district court, entered October 21, 1953, dismissing for lack of jurisdiction, upon motion of respondent, three petitions seeking a declaratory judgment, and incidental temporary injunctive relief, under which petitioners sought to bring up for review the validity of orders of deportation. By stipulation our disposition of the Batista case is to determine the disposition of the other two cases.

In the brief record before us, all we know about the facts is contained in the allegations of the petition, from which we gather the following:

Respondent is District Director of Immigration and Naturalization of the District Office located at Boston, Massachusetts, which district includes the Office of Immigration and Naturalization Service at Hartford, Connecticut. On September 9, 1952, a hearing was conducted at the Hartford, Conn., office before a hearing examiner of the Immigration and Naturalization Service to show cause why petitioner should not be deported. On or about September 9, 1952, the hearing officer rendered his decision and order providing that petitioner be permitted to depart from the United States voluntarily at his own expense in lieu of deportation, within a period of time to be determined by the officer in charge of the district, and providing further that if petitioner failed to depart from the United States in the time so granted him, or any extension thereof, he was to be deported pursuant to law on the charge stated in the warrant of arrest. The evidence adduced at said hearing before the hearing examiner was alleged to be in contravention of the Fifth Amendment to the Constitution of the United States "in that your petitioner was deprived of due process of law in that your petitioner was not adequately represented by counsel or permitted the full exercise of his rights thereof in that he was compelled to testify on matters which might tend to incriminate him, such as his entry into the United States and his purpose in coming to the United States." On or about September 15, 1952, the officer in charge of the Immigration and Naturalization Service at Hartford, Conn., sent a notice to petitioner directing that he arrange to depart from the United States on or before November 15, 1952. It was alleged further that said decision and order of the hearing officer "is a final determination that petitioner be deported and petitioner has exhausted his administrative remedies"; that since that order and decision of the hearing officer was a final

order "said notice that petitioner should depart from the United States on or before November 15th, 1952 is a final notice." Wherefore, petitioner prayed the district court to review the order of the hearing officer; to declare null and void the notice to petitioner to depart from the United States; to issue "a temporary injunction staying execution of the aforesaid order and notice to depart pending final determination of the issues of this action by this court".

As above stated, the notice sent to petitioner by the Immigration and Naturalization Service directed that he arrange to depart from the United States on or before November 15, 1952. The petition does not allege that he obtained any extension of time. The order of deportation provided that, if petitioner failed to depart within the time prescribed, he was to be deported pursuant to law. We are not informed from the petition whether, subsequent to November 15, 1952, petitioner was actually taken in custody by the Immigration and Naturalization Service to be deported pursuant to law. His petition in the present case was not filed in the district court until July 27, 1953. The petition did not seek relief by way of habeas corpus.

Section 19(a) of the Immigration Act of 1917, as amended 39 Stat. 890, 54 Stat. 671, 1238, contained this language: "In every case where any person is ordered deported from the United States under the provisions of this Act, or of any law or treaty, the decision of the Attorney General shall be final." Under such provision of law, the Supreme Court held in Heikkila v. Barber, 1953, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972, that habeas corpus remained the only procedure by which an alien whose deportation had been ordered by the Attorney General might challenge such order in the courts, and specifically, that such review of a deportation order could not be obtained in a suit for declaratory judgment or injunctive relief under § 10 of the Administrative Procedure Act, 60 Stat. 243, 5 U.S.C.A. § 1009, or under the Declaratory Judgments Act, 28 U.S.C. § 2201. Section 242(b) of the Immigration and Nationality Act of

1952, 66 Stat. 210, 8 U.S.C.A. § 1252(b), provides: "In any case in which an alien is ordered deported from the United States under the provisions of this Act, or of any other law or treaty, the decision of the Attorney General shall be final." Notwithstanding the language of § 242(b) of the 1952 Act substantially identical with the language of § 19(a) of the 1917 Act, a majority of the Court of Appeals for the District of Columbia, in Rubinstein v. Brownell, 1953, 92 U.S. App.D.C. 328, 206 F.2d 449, held that, in a suit by an alien against the Attorney General for declaratory relief from a deportation order and for a temporary injunction restraining the Attorney General from arresting the alien pending determination of the suit, the legality of the alien's threatened and imminent detention pursuant to the deportation order could be tested by the principles that would be applicable in a habeas corpus proceeding. This decision was affirmed by an equally divided court. Brownell v. Rubinstein, 1954, 346 U.S. 929, 74 S.Ct. 319. The Rubinstein case is the main reliance of the present petitioner for his assertion that the district court had jurisdiction to review the challenged deportation order pursuant to the petition filed in the case at bar. Of course the affirmance of the Rubinstein case by an equally divided court is not an authoritative precedent. United States v. Pink, 1942, 315 U.S. 203, 216, 62 S.Ct. 552, 86 L.Ed. 796. We are constrained not to accept the majority view of the Court of Appeals for the District of Columbia in the Rubinstein case; we find no sufficient basis in the legislative history of the Immigration and Nationality Act of 1952 to justify disregard of the reasoning of the Supreme Court in Heikkila v. Barber, supra. Furthermore, as the government points out, the order of deportation in the Rubinstein case was issued December 29, 1952, five days after the effective date of the 1952 Act, whereas in the present case the challenged order of deportation was issued on September 9, 1952, prior to the date when the 1952 Act became effective. This presents an additional difficulty with the argument that Heikkila v. Barber is inapplicable here: Petitioner would have to convince us that the deportation order in this case, which at the date of its issuance was concededly subject to judicial review only on habeas corpus (Heikkila v. Barber), became reviewable on and after December 24, 1952, by a petition for declaratory and injunctive relief under the Administrative Procedure Act and the Declaratory Judgments Act, by inference as to the intent of Congress in enacting the Immigration and Nationality Act of 1952.

We do not stop to elaborate the argument on the foregoing points, because we think that in any event the petition in the present case was fatally defective. If it be assumed for the moment that the validity of the deportation order could be reviewed by such a proceeding as the present, the petition here would certainly have to be disposed of on ordinary equitable principles, one of which is that petitioner must exhaust available administrative relief before invoking the extraordinary remedies of a court of equity. Although the present petition alleges that the order of the hearing officer of September 9, 1952, "is a final determination that petitioner be deported and petitioner has exhausted his administrative remedies", we take judicial notice of the regulations to the effect that the decision and order of a special inquiry officer of the Immigration and Naturalization Service in a deportation case is subject to review by appeal to the Board of Immigration Appeals; and that if such an appeal is taken within the time prescribed, the order of the special inquiry officer shall not be final. See 8 C.F.R. (1952 rev.) §§ 6 and 242.61. The petition in the present case contains no allegation that petitioner ever invoked his administrative remedy of an appeal to the Board of Immigration Appeals. Cf. Olinger v. Partridge, 9 Cir., 1952, 196 F.2d 986, 987. For this reason the present petition was subject to dismissal for lack of equity jurisdiction, even if the proceeding was otherwise an appropriate one.

The judgments of the District Court are affirmed.