**William HEIKKILA, Appellant,**

v.

**Bruce G. BARBER, Individually and as District Director of Immigration and Naturalization Service, Appellee.**

**No. 13988.**

United States Court of Appeals
Ninth Circuit.

Oct. 13, 1954.

Gladstein, Andersen & Leonard, Norman Leonard, Lloyd E. McMurray, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., George A. Blackstone, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, ORR, and POPE, Circuit Judges.

PER CURIAM.

On January 11, 1952 a final order for the deportation of appellant was made on the ground that he, an alien, had been a member of the Communist Party from 1929 to 1939, a period subsequent to his entry into this country.[1] He thereupon brought an action against the District Director of the Immigration Service by a complaint seeking "review of agency action," plus injunctive and declaratory relief. On dismissal of the suit by a three-judge court he appealed to the Supreme Court, which, on March 16, 1953 affirmed the dismissal, holding that habeas corpus provided the sole judicial remedy. Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972.

Subsequently appellant brought in the court below a second action against the District Director leveled against the same deportation order and seeking the same relief as before. His complaint was dismissed on motion of the government and the matter is before us on appeal. Confronted with the Supreme Court's holding above cited he contends that the Immigration and Nationality Act of 1952, 66 Stat. 163, 8 U.S.C.A. § 1101 et seq., affords him a remedy, other than by habeas corpus, to inquire into the validity of the deportation order. He necessarily concedes that the Act now relied on was in effect at the time of the Supreme Court's adverse holding, supra—a circumstance of which the Court was aware and of which passing notice was taken in a footnote to its opinion. The new issue introduced in this second suit was one which appellant could have raised and litigated before the Court on the first appeal.[2] There is nothing in the Court's opinion to indicate that a problem as to the Act's

---

1. The order was based on § 22 of the Internal Security Act of 1950, 64 Stat. 1006 [now Immigration and Nationality Act, § 241, 8 U.S.C.A. § 1251], making membership in the Communist Party *per se* a ground for deportation.

2. That appeal was not argued until February 4, 1953, well over a month after the 1952 Act by its terms became effective, namely on December 24, 1952. It may be observed here that the Act had actually been passed and approved much earlier in the year.

possible bearing on the question of remedy was to remain open for further litigation. The very language of the opinion shows that the Court thought it was finally deciding the point of appellant's judicial remedy as respects the deportation order of January 11, 1952. For example, 345 U.S. at page 235, 73 S.Ct. at page 606, of the opinion it said: *"Now, as before, he [appellant] may attack a deportation order only by habeas corpus."* [Emphasis ours.] In these circumstances it is for the Supreme Court, not for us, to say that despite its ruling a second attack of the identical nature and directed toward the same order may properly be waged.

Appellant points to the decision of the Court of Appeals of the District of Columbia Circuit in Rubinstein v. Brownell, 1953, 92 U.S.App.D.C. 328, 206 F.2d 449, affirmed without opinion by an equally divided Court, 346 U.S. 929, 74 S.Ct. 319. That case gives us no aid in interpreting the Court's decision in Heikkila. It determined only that a deportation order which became final after the 1952 Act went into effect could be judicially reviewed other than by habeas corpus.

Appellant's present suit is in no real sense a new action. It is but a repetition or continuation of the litigation theretofore unsuccessfully waged. We have no alternative but to hold that the earlier decision of the Supreme Court is res judicata.

The dismissal is affirmed.

POPE, Circuit Judge (concurring).

I concur in the affirmance of the judgment. I arrive at the same result by a somewhat different route.

The complaint considered in Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972, was filed before the 1952 Act was passed, and the authority of the trial court to entertain it would normally be judged by the law in effect when the complaint was filed. The Supreme Court was not called upon to observe, either in passing, or otherwise, that a *new* action, instituted after the effective date of the 1952 Act, might or might not have a better standing.[1] Because the complaint there in question was filed prior to the 1952 Act, the issue as to the operation of the new Act was not only not litigated but it was not an issue that might have been litigated. The decision, I think, was not res judicata.

To my mind, therefore, the controlling question is whether the 1952 Act did, as appellant asserts, have the retroactive effect of permitting a new action, such as this one, for the purpose of reviewing deportation orders made prior to the 1952 Act. As the opinion of the majority observes, Rubinstein v. Brownell, 92 U.S. App.D.C. 328, 206 F.2d 449, is no help on that point, for the order there involved was made after the effective date of the 1952 Act. Even if we were to grant, as there held, that the 1952 Act created a new remedy, I am convinced it cannot be said to have the retroactive effect here claimed for it. A primary reason given for the District of Columbia court's conclusion that the remedy for review of such orders there sustained was provided in the 1952 Act, was the use in § 242(b)(4), Title 8, U.S.C.A. § 1252(b)(4), of the words: "no decision of deportability shall be valid unless it is based upon reasonable, substantial and probative evidence." To my mind, this language can refer only to future, and not to past orders.

Another persuasive reason for concluding that the 1952 Act was not intended to apply, even procedure-wise, to earlier orders, is found in the strong language of the savings clause, § 405(a) of the Act, (see 8 U.S.C.A. § 1101 note), which was quoted in this court's decision in Yanish

---

[1]. That the decision of the Supreme Court was thus confined to the status of the former complaint would seem to be especially clear in view of the language of the savings clause in § 405 of the 1952 Act: "Nothing contained in this Act * * * shall be construed * * * to affect any prosecution, suit, action, or proceedings, civil or criminal, brought * * * at the time this Act shall take effect * * *."

v. Barber, 9 Cir., 211 F.2d 467, at page 470.[2]

Since I am of the view that any new procedure which may have been authorized by the 1952 Act was not intended to apply to the order here in question, I agree that the decision of the district court must be affirmed.

2. I agree with the majority that the whole tone of the Supreme Court's opinion in Heikkila v. Barber, supra, indicates that the court did not conceive it being possible that the 1952 Act retroactively extended a new remedy to the order here involved. I have explained above, however, why I think that issue was neither decided nor open to decision in that case. The court *affirmed* the action of the district court. Had the district court sustained the action, so that it was necessary that its judgment be *reversed*, as in Missouri Pacific Ry. v. United States, 189 U.S. 274, 23 S.Ct. 507, 47 L.Ed. 811, the failure also to remand for further proceedings under the new act, might call for a different conclusion as to the effect of the decision.