**Jose BUSTOS–OVALLE, Appellant,**

v.

**H. R. LANDON, as District Director of Immigration and Naturalization at Los Angeles, California, Appellee.**

**No. 13917.**

United States Court of Appeals
Ninth Circuit.

April 13, 1955.

David C. Marcus, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Clyde C. Downing, Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

A petition for judicial review of certain administrative proceedings was filed on January 21, 1953, in the District Court against H. R. Landon, described as District Director of Immigration and Naturalization at Los Angeles, California. This was countered by a motion to dismiss on grounds of lack of jurisdiction of the subject matter and failure to state a claim upon which relief could be granted.

The petition contained allegations which may be summarized: Bustos-Ovalle is a native and citizen of Mexico, who was arrested in California upon the ground that he had illegally entered this country in view of the fact that he had suffered an attack of insanity prior to his last entry. Upon a hearing appellee rendered, "Hearing Officers Recommended Decision," wherein were proposed "Findings of Fact," proposed "Conclusions of Law" and "Recommended Order" on November 14, 1950.

Upon administrative appeal, the Commissioner of Immigration approved and adopted the findings and conclusions as to deportability. Because of circumstances of hardship, the Commissioner ruled:

"He will be permitted to depart voluntarily in order that he may apply for a new immigration visa at one of our Consulates in Mexico." and also:

"It is further ordered that if the alien applies for admission to the United States within 3 months after his authorized departure, he be admitted under the 7th Proviso to Section 3 of the Immigration Act of 1917 [8 U.S.C.A. § 136(p)][1] if otherwise admissible then as one who has had one or more attacks of insanity."

The petition also alleges that there was a formal prayer to the Board of Immigration Appeals to reopen the exercise of the 7th Proviso to Section 3 nunc pro tunc as of the date of his last entry. This was denied. It was also shown that the date set for voluntary departure was January 20, 1953.

The District Court dismissed the action for failure to state a claim upon which relief could be granted, 112 F. Supp. 874.

This determination was correct. The relief asked by petitioner was (1) for review of the administrative processes of the Immigration Service, (2) for an order restraining Landon from deporting or requiring enforced departure of Bustos-Ovalle from the United States, (3) for cancellation of the warrant of deportation, (4) for an order annulling the proceedings of the Immigration Service, and (5) for further relief.

In the interaction between administrative bodies charged with responsibility for action and the courts, extreme care should be used. Judicial supremacy has been maintained upon the ground that our government is founded upon law. It is incumbent upon the executive, whether elective or by divine right as a Stuart king, to act according to rules of law. There is no doctrine of omnipotence of Parliament here as there is in England. Therefore, even final action of an administrative agency, although declared unappealable by legislation, has always been subject to attack in court if fundamentals were violated.

Three rules have been maintained with some consistency: (1) Great and sometimes conclusive weight is accorded the findings and determination of the administrative body in the assigned field. (2) Final action by the agency is requisite before review. (3) A court is not empowered to interfere until all administrative relief has been sought and denied. All these principles are intertwined.

The requirement last mentioned above of exhaustion of administrative remedies before judicial action is available is cardinal. If this essential were not made a condition precedent to relief by the courts, there would be conflict. Furthermore, the combined administrative and judicial process would be brought into disrepute. In the particular field with which we are here dealing, when there has been a failure to call the attention of the courts to the fact that the administrative process has not been complete, habeas corpus has been judicially denied and the Board of Immigration Appeals has thereafter granted a stay of deportation. This is improper and points up the necessity of some showing that the administrative remedies have been exhausted.

In the case at bar, the petitioner is not in custody. It was incumbent upon him to allege and prove that action was threatened by the officers and that he had applied for and been denied available relief improperly before seeking review. But the complaint specifically alleges that there are avenues of escape for petitioner either by appropriate application to the administrative officers or by voluntary action on his own part. One cannot satisfy the requirement by an indication that he has not even sought relief which might be available.

"The theory of exhaustion of administrative remedies by default is without support in precedent or in

1. Now 8 U.S.C.A. § 1182(c).

reasoning. The authorities are all to the effect that the judicial machinery may not be invoked until all administrative remedies have been unsuccessfully pursued." Olinger v. Partridge, 9 Cir., 196 F.2d 986, 987.

 Furthermore, the entire complaint points with directness to the fact that the administrative process is not complete. Bustos-Ovalle has been permitted to leave voluntarily for Mexico with favorable stipulations for his return. The date before which he was supposed to have exercised that option expired more than two years ago. He is still in the United States. He does not complain that any immediate action is contemplated. Instead, he insists that "there is no outstanding or existing order of deportation or warrant of deportation" against him.[2] If the agency does finally decide to deport him, he will have to be taken into custody. Habeas corpus will then lie, and all agree that it is a complete remedy.[3] The learned trial judge carefully pointed out that there was no finality and, indeed, no real controversy as yet. He says: "Until an order of deportation is entered, there is nothing to remedy. Voluntary departure is a matter of grace."[4] How-

ever, this expression would not necessarily mean that the action should be dismissed. The ordinary recourse, where a judicial proceeding is filed prior to the issuance of a final administrative order, is abatement. Eventual dismissal may follow if appropriate administrative action is not taken within a reasonable time.[5]

 Petitioner's hearing has concluded with a finding that he is a deportable alien. If the officials were to treat that finding as definitive and leave petitioner indefinitely in the status so determined and refuse either to clear the record or to deport him, a different situation might be presented. The unendurable hardship upon petitioner would be patent. There would be a failure to accept administrative responsibility for action.[6] Then a proceeding for declaratory relief might lie against Landon alone.[7] But here Bustos-Ovalle forestalled action by the administrative agency by filing this proceeding before the terminus of the period set for voluntary departure. The courts should not adjudicate the controversy until it is ripe for decision. Petitioner himself thus prevented action which would have been characterized by finality. As a result, the matter is pres-

2. Consequently, the question is not here reached whether, under the 1952 Immigration and Nationality Act, 8 U.S. C.A. § 1101 et seq. there may be judicial review of a deportation order before the alien is taken into custody. Two circuits have permitted such review. Rubinstein v. Brownell, 92 U.S.App.D.C. 328, 206 F.2d 449, affirmed by an equally divided court, 346 U.S. 929, 74 S.Ct. 319, 98 L.Ed. 421; Pedreiro v. Shaughnessy, 2 Cir., 213 F.2d 768, certiorari granted 348 U.S. 882, 75 S.Ct. 124. But see Batista v. Nicolls, 1 Cir., 213 F.2d 20. Nor is the Court required to consider whether the provisions of that Act are applicable where, as here, the order of which petitioner seeks review was entered before the Act became effective. See Heikkila v. Barber, 9 Cir., 216 F.2d 407, concurring opinion by Pope, C. J.

3. See Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972.

4. Bustos-Ovalle v. Landon, D.C., 112 F. Supp. 874, 876.

5. "In applying the doctrine of primary jurisdiction, the court may dismiss the complaint where the question involves an administrative question necessitating primary resort to the administrative tribunal. However, the presence of such an administrative question does not deprive the court of jurisdiction, and where there are rights which may be saved by retaining the cause, the court should do so but stay its hand pending the administrative determination." 42 Am.Jur. 702, Public Administrative Law, Section 254. Ispass v. Pyramid Motor Freight Corporation, D.C., 54 F.Supp. 565; Ispass v. Pyramid Motor Freight Corporation, D.C., 59 F.Supp. 341.

6. See Trans-Pacific Airlines v. Hawaiian Airlines, 9 Cir., 174 F.2d 63.

7. See McGrath v. Kristensen, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173; Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320.

ently not justiciable. Any opinion the Court might render now would be merely advisory to the executive and administrative officials or to Bustos-Ovalle.

Thus the other questions discussed in the opinion of the trial judge are not reached. The proceeding was properly dismissed.

Affirmed.