**Jose SIABA–FERNANDEZ, Petitioner,**

v.

**George K. ROSENBERG, District Director of Immigration and Naturalization, Respondent.**

**No. 17654.**

United States Court of Appeals Ninth Circuit.

April 11, 1962.

Philip Barnett, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald Fareed and James R. Dooley, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM.

Plaintiff filed this action in the district court praying that "the matter be remanded to the Immigration and Naturalization Service for further hearing on plaintiff's rights to further discretionary relief based upon his family ties in the United States," and that a "declaratory judgment be made herein declaring the outstanding order and warrant for his deportation null, void and unenforceable." By order dated November 7, 1961 the district court transferred the action to this court pursuant to Section

---

5(b) of Public Law 87–301 (75 Stat. 653), 8 U.S.C.A. § 1105a note.[1]

Plaintiff is an alien, a native and citizen of Spain. He was admitted to the United States on or about April, 1955 as a nonimmigrant crewman, and was authorized to remain in the United States as a nonimmigrant for a period not to exceed twenty-nine days.

On November 3, 1960 (more than four years after his authorized stay had expired) an order to show cause and notice of hearing was issued by the Immigration and Naturalization Service, Los Angeles, California (hereinafter referred to as defendant), charging that the plaintiff was subject to deportation pursuant to:

> "Section 241(a)(2) of the Immigration and Nationality Act, in that, after admission as a nonimmigrant under Section 101(a)(15) of said Act you have remained in the United States for a longer time than permitted."

On November 10, 1960, pursuant to the above order, a deportation hearing was commenced at Los Angeles, California. At this hearing the special inquiry officer advised plaintiff, *inter alia,* that plaintiff had a right to be represented, at no expense to the government, by counsel of his choice. Upon learning that plaintiff had not retained counsel and was without financial means to do so, the special inquiry officer informed plaintiff that some special agencies might furnish him representation without charge. After indicating a desire to contact these agencies, the addresses of certain agencies were provided the plaintiff and the special inquiry officer adjourned the deportation hearing for the purpose of affording plaintiff an opportunity to obtain representation.

The deportation hearing was continued on November 17, 1960. Plaintiff was represented by Mrs. Agnes P. Matica of the International Institute of Los Angeles.[2] Plaintiff affirmatively stated his wish to be represented by Mrs. Matica at the hearing.

During the deportation hearing, plaintiff admitted the factual allegations contained in the order to show cause and also admitted that he was deportable on the charges set forth therein. Plaintiff did not request, nor did anyone make reference to, the privilege of voluntary departure during the hearing. When asked if there was any evidence to be presented or if any questions were to be asked of plaintiff, his representative replied: "It is not our intention to ask any questions of [plaintiff], and we have written a communication to Congressman Rousselot who, on the basis of the information at his disposal at present, has agreed to introduce a private bill on behalf of [plaintiff] when Congress reconvenes. We have this letter here and can present it as evidence, and may wish to present further medical evidence relating to [plaintiff's] condition at some future time."

The special inquiry officer rendered his decision at the close of the November 17, 1960 hearing, and ordered that plaintiff be deported from the United States in the manner provided by law on the charge contained in the order to show cause. A copy of the decision was furnished plaintiff's representative during the deportation hearing, and plaintiff's representative thereafter waived the right to appeal.

1. Section 106(a) of the Immigration and Nationality Act, as amended by Public Law 87–301 (75 Stat. 651, 8 U.S.C.A. § 1105a(a)) confers original jurisdiction upon this court to review " * * * all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 242(b) of this Act or comparable provisions of any prior Act * * *."

2. Mrs. Matica filed a Notice of Appearance as "an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board: International Institute of Los Angeles." Such representation is authorized by regulation. 8 C.F.R. § 292.1, 23 F.R. 2672, 9124; 8 C.F.R. § 1.1(j), 23 F.R. 9115.

The questions presented to this court are:

1. Does this court have jurisdiction?

2. Was plaintiff denied due process of law with respect to his right to be represented by counsel or his right to file an application for discretionary relief, to wit: voluntary departure?

3. Is plaintiff's good moral character or his statutory eligibility for voluntary departure an issue in this proceeding?

4. Is the decision of deportability based upon reasonable, substantial, and probative evidence?

Defendant contends that the plaintiff's failure to take an administrative appeal precludes this court from exercising jurisdiction under Public Law 87-301. Defendant is correct. The order of deportation was entered by the special inquiry officer on November 17, 1960 at the conclusion of the deportation hearing, and his written decision was served upon plaintiff's representative at that time. Having waived his right to an administrative appeal, and, alternatively, since the ten days specified time for plaintiff to take such an appeal expired before the instant cause was commenced,[3] the deportation order outstanding against plaintiff is final.[4]

Section 106(c) of the Immigration and Nationality Act, as amended by Public Law 87-301 (75 Stat. 653, 8 U.S.C.A. § 1105a(c) provides in pertinent part:

"(c) An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations * * *."

Under the regulations, promulgated pursuant to the Immigration and Nationality Act, plaintiff was entitled to take an appeal from the decision of the special inquiry officer to the Board of Immigration Appeals.[5] Did Congress intend to deny, by Section 106(c), judicial review to aliens who failed to take advantage of their right to appeal to the Board of Immigration Appeals? Or did Congress, by Section 106(c), not deny judicial review where the order of deportation is, as here, final because an alien has failed to exhaust, or has waived, administrative remedies?

The portion of Section 106(c) quoted above seems to us clear and unambiguous. We hold Congress intended to deny judicial review to aliens who failed to take advantage of their right to administrative remedies. Congress must be held to have been aware that the theory of exhaustion of administrative remedies by not pursuing them is without support in precedent or in reasoning[6] and "It is one of the necessities of the administration of justice that even fundamental questions should be determined in an orderly way."[7] We have so held previously, and do again. This court has no jurisdiction.

The petition is dismissed without prejudice to the plaintiff to seek any other relief which may be available to him.

3. 8 C.F.R. § 242.21, 22 F.R. 9798, in pertinent part, reads:
"§ 242.21 **Appeals.**
 *     *     *     *     *
"(c) **Time for taking appeal.** An appeal shall be taken within ten days after the mailing of a written decision or of a typewritten copy of an oral decision or the service of a summary decision on Form I-38 or I-39."

4. 8 C.F.R. § 242.20, 22 F.R. 9798, as amended by 23 F.R. 9123, in pertinent part reads:
"§ 242.20 **Finality of order.** The order of the special inquiry officer shall be final except when the case has been certified as provided in Part 3 or Part 103 of this chapter, or an appeal is taken to the Board of Immigration Appeals by the respondent or the examining officer."

5. 8 C.F.R. § 242.21, as see also 8 C.F.R. § 3.1.

6. Olinger v. Partridge, 9 Cir. 1952, 196 F. 2d 986, at 987; see also, Batista v. Nicolls, 1 Cir. 1954, 213 F.2d 20.

7. United States v. Sing Tuck, 1904, 194 U. S. 161, at 168, 24 S.Ct. 621, at 623, 48 L. Ed. 917; see also Florentine v. Landon, 9 Cir. 1953, 206 F.2d 870.