Nicholas MAVRONAS

v.

John P. RYAN, District Director United States Department of Justice, Immigration and Naturalization Service.

No. 9562.

United States District Court
D. Connecticut.

Feb. 21, 1963.

the administrative remedies presently available to him, hence judicial review is not in order; furthermore, the present deportation order is a final one from which appeal may be had only in the Court of Appeals for the Second Circuit.

Plaintiff is a native of Greece. For the past several years he has resided in New Haven, Connecticut. He entered this country as a seaman on May 29, 1957 and overstayed the time he was to depart, i. e. June 27, 1957. His remaining in the country beyond that time is a violation of the Immigration and Nationality Act, 8 U.S.C.A. § 1284.

A hearing before a special inquiry officer of the Immigration and Naturalization Service was held on November 26, 1962. This officer found that the plaintiff was deportable under § 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a)(2). He orally announced his decision that plaintiff was deportable, at the close of the hearing; both the plaintiff and his counsel of record were present at the time.

Plaintiff was granted the privilege of voluntary departure under § 244(e) of the Act, 8 U.S.C.A. § 1254(e). However, deportation was ordered if he failed to depart voluntarily, on or before January 7, 1963. Upon plaintiff's failure to depart voluntarily, the alternative part of the November 26, 1963 order calling for deportation became effective. This order is presently outstanding.

Plaintiff's counsel stated at the hearing that he reserved the right to appeal to the Board of Immigration Appeals. He was informed that the appeal must be received in the defendant's Hartford office within ten (10) days i. e., by December 6, 1962. The ten-day period for appeal commenced with the rendering of the oral decision on November 26, 1962.

The appeal forms were received in the defendant's Hartford office on December 7, 1962. The Government returned the forms stating that the appeal would not be entertained because of the untimely filing. The defendant notified plaintiff's counsel that the order of the special inquiry officer was a final one. Plaintiff

George C. Furkiotis, Bridgeport, Conn., for petitioner.

Robert C. Zampano, U. S. Atty., Irving H. Perlmutter, Asst. U. S. Atty., New Haven, Conn., for respondent.

CLARIE, District Judge.

The defendant has moved for dismissal pursuant to Rule 12(b), Fed.R.Civ.P., on the grounds that this Court has no jurisdiction. It is the Government's claim that the plaintiff has not exhausted all of

was also notified that he must depart by January 7, 1963 or the privilege of voluntary departure would be withdrawn.

This action was instituted on December 18, 1962 under the Declaratory Judgments Act (28 U.S.C.A. § 2201) and the Administrative Procedure Act (5 U.S.C.A. § 1009).

■ The defendant's motion for dismissal is based on § 106 of the Immigration and Nationality Act, 8 U.S.C.A. § 1105a.

"(a) The procedure prescribed by, and all the provisions of sections 1031–1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation * *.

"(2) the venue of any petition for review under this section shall be in the judicial circuit in which the administrative proceedings before a special inquiry officer were conducted * * *".

The sole procedure for judicial review of a final deportation order is an action in the Court of Appeals. It must be first determined, however, that plaintiff is now subject to a "final deportation order".

■ The special inquiry officer rendered a deportation order on November 26, 1962. That order could have been appealed to the Board of Immigration Appeals. 8 C.F.R. §§ 33, 242.21. The order of a special inquiry officer becomes final unless it is certified to the Board of Immigration Appeals or an appeal is taken. 8 C.F.R. § 242.20. Thus, by plaintiff's failure to make a timely appeal, or take other administrative steps, the special inquiry officer's order of November 26, 1962 became a "final deportation order." Siaba-Fernandez v. Rosenberg, 302 F.2d 139 (9 Cir.1962). The Court of Appeals for the Second Circuit has exclusive jurisdiction over this order for purposes of review. 8 U.S.C.A. § 1105a, Holz v. Immigration and Naturalization Service, 309 F.2d 452 (9 Cir.1962). Giova v. Rosenberg, 308 F.2d 347 (9 Cir.1962).

Furthermore, Section 106(c) of the Immigration and Nationality Act, 8 U.S.

C.A. § 1105a(c) provides: "An order of deportation * * * shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations * *". Where a person has failed to appeal to the Board of Immigration Appeals, the failure to exhaust an available administrative remedy operates to deny him judicial review. Siaba-Fernandez v. Rosenberg, supra, 302 F.2d 141.

■ Under the regulations, this plaintiff could still apply to the special inquiry officer for the reconsideration or reopening of his case. 8 C.F.R. § 242.22. An adverse order of the special inquiry officer might then be appealed to the Board of Immigration Appeals. 8 C.F.R. § 242.21. With this procedure available to him, the plaintiff has not exhausted the administrative remedies which § 106(c) of the Act, 8 U.S.C.A. § 1105a(c) requires before any court may grant a review.

The defendant's motion to dismiss for lack of jurisdiction is granted.