The KODIAK–ALEUTIAN CHAPTER OF the ALASKA CONSERVATION SOCIETY et al., Plaintiffs,

v.

Thomas S. KLEPPE, Secretary of the Interior, Defendant.

Civ. No. A76–132.

United States District Court,
D. Alaska.

Dec. 7, 1976.

Roger E. Henderson, Houston & Henderson, Anchorage, Alaska, for plaintiffs.

U. S. Atty. G. Kent Edwards by Asst. U. S. Atty. Leonard M. Linton, Jr., Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

THIS CAUSE comes before the court on defendant's motion to dismiss. The case involves land allotments pursuant to the Alaska Native Claims Settlement Act. 43 U.S.C. § 1601 *et seq.* Certain allotments were tentatively made to various village corporations and a Regional Corporation. Plaintiffs who hold varying interests in these lands seek to set aside these allotments.

■ The motion is based on three grounds. The first basis is that plaintiffs have failed to join an indispensable party. Due to the nature of the relief sought the court finds that Koniag, Inc. and the various village corporations which have claims to this land are necessary parties. Fed.R. Civ.Pro. 19(a). Rather than to dismiss the case, however, the court orders the plaintiffs to file an amended complaint naming these parties as defendants or pleading reasons why they are not joined. Fed.R.Civ. Proc. 19(a), (c); *English v. Seaboard Coast Line Rry. Co.,* 465 F.2d 43, 47–48 (5th Cir. 1972).

■ The second ground for dismissal is that the complaint has failed particularly to allege the circumstances constituting fraud. Fed.R.Civ.Proc. 9(b). This contention is well taken to the extent that the circumstances constituting fraud have not been particularly alleged. Plaintiffs assert, however, that the fraud alleged in the original complaint is mere surplusage. In view of this fact, rather than dismissal, the court will give the plaintiffs two options. If the fraud allegation is mere surplusage the plaintiffs may eliminate it from their amended complaint. Fed.R.Civ.Proc. 12(f). If the allegation is essential plaintiffs will comply with Rule 9(b) in their amended complaint.

■ The final basis for the motion is failure of the plaintiffs to exhaust their administrative remedies. Plaintiffs initially objected that this ground was not properly raised in a motion to dismiss. Although the court disagrees with this assertion, *See Van Horn v. State Farm Mut. Auto Ins. Co.,* 283 F.Supp. 260 (E.D.Mich.1966), aff'd, 6 Cir., 391 F.2d 910; 5 Wright & Miller, *Federal Practice and Procedure,* § 1360, p. 101 (1975 pocket part), it is not necessary to pass upon the issue. The motion to dismiss on this basis relied on material outside of the pleadings and the court issued an order stating that this was considered a motion for summary judgment. Fed.R.Civ.Proc. 12(b). In accordance with Rule 12(b) the parties were allowed additional time to present material pertinent to the motion.

Oral argument was heard on the motion prior to the court's order allowing additional briefing and plaintiffs have requested additional arguments on the exhaustion issue. This request is denied in order to expedite the business of the court. Local Rule 5(C)(1).

■ In the supplemental memoranda the parties concur in the assertion that no need existed to exhaust administrative remedies with respect to two of the three villages. This is because of the fact that these parties' interests were protected by others in the administrative process and that plaintiffs informally presented evidence at the administrative hearings. The motion, therefore, if not withdrawn by the defendant, is denied.

■ With respect to the third village (Woody Island), plaintiffs do not maintain

that they have exhausted their administrative remedies. They admit that they did not present evidence to the administrative bodies passing upon the land claims as they were entitled to do. *See* 43 CFR § 2651.-2(9). If this were the sole point of contention on this issue the motion would be well taken as it is established that one cannot exhaust his administrative remedies by default. *Olinger v. Partridge,* 196 F.2d 986, 987 (9th Cir. 1952); *Kuhn v. Nat. Assoc. of Letter Carriers,* 528 F.2d 767, 771 (8th Cir. 1976).

In regard to the determination of eligibility of the third village the plaintiffs mount various attacks. Their central contention, however, is that their failure to exhaust administrative remedies was due to insufficient notice of the administrative hearing. The notice requirements are set out in 43 CFR § 2651.2. The notice of the proposed action given to "interested parties" other than the villages, the Regional Corporations and the State of Alaska, is publication in the *Federal Register* and one or more newspapers of general circulation in Alaska. 43 CFR § 2651.2(8). Protests are allowed by any interested party if received within 30 days of publication in the *Federal Register.* 43 CFR § 2651.2(9).

■ The due process clause of the Fourteenth Amendment requires "notice reasonably calculated under the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Schroeder v. City of New York,* 371 U.S. 208, 211, 83 S.Ct. 279, 282, 9 L.Ed.2d 255 (1962). In *Schroeder,* much like the present case, notice of land condemnation that was published in two county newspapers was held to be constitutionally insufficient. An essential element of the holding was that the name and address of the person affected by the action was known or easily ascertainable. In the present case two of the plaintiffs, Stratman and Burton, were holders of federal grazing leases on the land selected by the villages. As to these two plaintiffs who held valuable property rights and whose names and addresses were

known or could easily have been ascertained the notice provisions of the regulations were legally insufficient under the due process clause. *Schroeder v. City of N. Y., supra; See also* 44 U.S.C. § 1508. It was, therefore, unnecessary for them to exhaust their administrative remedies. *Piccone v. U. S.,* 407 F.2d 866, 869, 186 Ct.Cl. 752 (1969).

■ The other plaintiffs, however, fall within a different category. The Alaska Conservation Society through its members and the other individual plaintiffs appear to be interested in the property only as occasional users. *See Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). As to these plaintiffs the publication in the *Federal Register* was sufficient to comport with due process as their names and addresses were not known or readily ascertainable. 44 U.S.C. § 1508; *Bank of Commerce v. Bd. of Governors of Fed. Res. System,* 513 F.2d 164, 166–67 (10th Cir. 1975). These plaintiffs have defaulted on their obligation to exhaust administrative remedies and are now precluded from bringing an action relating to this third village. *Olinger v. Partridge, supra; Kuhn v. Nat. Assoc. of Letter Carriers, supra.*

The additional challenge made to the regulation which places the burden of proof on the protesting party, 43 CFR § 2651.2(9), has not been considered as no party has yet suffered from its operation. The court finds it doubtful that this regulation violates due process but that issue is reserved for later consideration.

Accordingly IT IS ORDERED:

1. THAT defendant's *motion to dismiss* is partially granted and partially denied in conformity with this opinion.

2. THAT plaintiffs file an amended complaint in conformity with this opinion within 30 days of the date of this order.