Omar STRATMAN, Toni Burton, John Murray, Michael Devers, James Schauff, and Brian Shafford, Plaintiffs,

v.

Cecil D. ANDRUS, Secretary of the Interior, Anton Larsen, Inc., Bells Flats Natives, Inc., Leisnoi, Inc., and Koniag, Inc., Regional Native Corporation, Defendants.

No. A76–132 Civil.

United States District Court,
D. Alaska.

July 2, 1979.

**1173**

Roger E. Henderson, Houston & Henderson, Anchorage, Alaska, for plaintiffs.

Gerald Markham, Stanley Fischer, Kodiak, Alaska and Edward Weinberg, Frederick L. Miller, Jr., Philip Chabot, Jr., Washington, D. C., for Koniag, Larson, Bell Flats, Leisnoi.

Cynthia L. Pickering, Atty., Land & Natural Resources Div., U. S. Dept. of Justice, Anchorage, Alaska, Alexander O. Bryner, U. S. Atty. for Alaska, Anchorage, Alaska, Bruce Schultheis, Anchorage, Alaska, Martin Green, Appellate Section, U. S. Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

THIS CAUSE comes before the court on remand from the Ninth Circuit Court of Appeals for the purpose of considering defendant's motion for relief from judgment under Rule 60(b), Fed.R.Civ.P. In this cause the plaintiffs, Burton and Stratman, challenge the eligibility of the Native village of Woody Island to make certain selections under the Alaska Native Claims Settlement Act, (ANCSA), 43 U.S.C. § 1601–28 (1976).

In a previous memorandum and order of this court it was held that plaintiffs Stratman and Burton, who are holders of federal grazing leases on the land selected by the village corporation, Leisnoi, Inc., were not required to exhaust their remedies in previous administrative proceedings to deter-

mine the eligibility of the village of Woody Island. *Kodiak-Aleutian Chapter of the Alaska Conservation Society v. Kleppe,* 423 F.Supp. 544 (D.Alaska 1976). That decision was based on the rationale that the grazing leases held by Stratman and Burton were "valuable property rights" and therefore they had received inadequate notice of the administrative proceeding that determined the eligibility of the village of Woody Island and its corporation, Leisnoi, Inc. 423 F.Supp. at 547.

In an unpublished memorandum and order of October 16, 1978, this court held that the claims of Stratman and Burton were moot because Leisnoi, Inc., had relinquished all claims to the land involving the federal grazing leases and a slaughterhouse facility in which the plaintiffs hold an interest. The court accordingly granted the non-government defendants' motion to dismiss and entered final judgment dismissing the entire cause as moot.

The government defendants in their motion for relief from judgment request this court to vacate that portion of the court's previous opinion that would allow parties in the position of Stratman and Burton to collaterally attack an administrative determination of Native village eligibility. The government correctly contends that the plaintiffs could allege no injury to their property interest because the Alaska Native Claims Settlement Act, 43 U.S.C. § 1613(g) protects all valid existing rights and makes the land patented to the Natives subject to those rights. The Act provides:

> Where prior to patent of any land or minerals under this Act, a lease, contract, permit, right-of-way, or easement (including a lease issued under 6(g) of the Alaska Statehood Act) has been issued . . . the patent shall contain provisions making it subject to the lease, contract . . ."

43 U.S.C. § 1613(g). This provision means that whatever property interests were held by Stratman and Burton, including the federal grazing leases, could not be injured by Woody Island's eligibility and the selection of land by its village corporation. Any patents issued to the village corporation

would have to protect the property interests upon which the court had previously based its decision on exhaustion of administrative remedies.

■ Federal courts have neither the power to render advisory opinions nor "to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). In view of the fact that Stratman and Burton could not have been injured by the village selections and the serious implications of allowing a collateral attack on Native village eligibility under ANCSA, this court must vacate that portion of the memorandum and order of December 7, 1976, that allowed the plaintiffs to litigate Woody Island's eligibility.

Accordingly IT IS ORDERED:

1. THAT defendant's motion for relief from judgment is granted.

2. THAT portion of the court's memorandum and order of December 7, 1976, denying defendants' motion to dismiss as to plaintiffs Stratman and Burton is vacated.

3. The claims of Stratman and Burton are dismissed.

4. The final judgment entered by this court on October 16, 1978, is reinstated in conformity with this memorandum.