Konstantinos **ROUMELIOTIS** and Panagiota **Roumeliotis**, Petitioners,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 15207.

United States Court of Appeals
Seventh Circuit.

Jan. 6, 1966.

Jay T. Frank, Chicago, Ill., for petitioners.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Lawrence Jay Weiner, Chicago, Ill., Arthur D. Rissman, Asst. U. S. Atty., of counsel, for respondent.

Before HASTINGS, Chief Judge, and SWYGERT, and MAJOR, Circuit Judges.

PER CURIAM.

Petitioners are natives and citizens of Greece who were admitted to the United States in 1964 as nonimmigrant visitors for pleasure. They were authorized to remain here until February 10, 1965. They did not depart before or on that date. At a subsequent hearing, after a show cause order had been issued by the Immigration and Naturalization Service, petitioners admitted that they were subject to deportation, but said that they wished to remain in the United States until their small child could be treated for a congenital illness. The Public Health Service, after examining the child, found that the ailment would not interfere with the child's ability to travel and that appropriate medical procedures for treatment and correction were available in Greece. After several stays, petitioners were finally ordered to depart before or on June 24, 1965. Petitioners then filed the present petition for review under section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a (a).

The petition is denied. Having expressly waived their right to appeal the order of deportation to the Board of Immigration Appeals, petitioners failed to exhaust their administrative remedies provided by section 106(c) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(c). Accordingly, the order of deportation is not reviewable. Furthermore, the district director of the Immigration Service did not abuse his discretion in refusing a further stay of the deportation order. Kladis v. Immigration & Naturalization Service, 343 F. 2d 513 (7th Cir. 1965).