**IN JA KIM, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 17009.**

United States Court of Appeals
Seventh Circuit.

Nov. 25, 1968.

Richard W. Lowery, Chicago, Ill., for petitioner.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for respondent.

Before HASTINGS, SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM.

This case presents the issue of whether a court of appeals has jurisdiction to review the denial by the District Director of the Immigration and Naturalization Service of a stay of a voluntary departure date.

The petitioner is a native and citizen of Korea who was admitted to the United States in 1965 as an exchange visitor under the provisions of the Mutual Educational and Cultural Exchange Program, 22 U.S.C. §§ 2451–2458 (1964). She was authorized to remain in this country until January 21, 1968. She did not depart before or on that date. At a subsequent hearing before a Special Inquiry Officer, after a show cause order had been issued by the Immigration and Naturalization Service, the petitioner was given the privilege of voluntary departure on or before April 22, 1968 in lieu of an order of deportation. Parenthetically, it should be noted that no appeal pursuant to statute was taken from the Special Inquiry Officer's decision. The voluntary departure date was thereafter extended by the District Director of the Service pending the decision of the Department of Health, Education and Welfare on an application filed by the petitioner's employer for a waiver of the two-year foreign residence requirement under the provisions of section 212(e) of the Immigration and Nationality Act, 8 U.S.C. § 1182(e).

After the Exchange Visitor Review Board of the Department of Health, Education and Welfare had refused to recommend a waiver of the two-year foreign residence requirement, the District Director set June 20, 1968 as the new date for the voluntary departure of the petitioner. Upon the petitioner's failure to depart within the specified time, a warrant of deportation was issued. Thereafter, the District Director refused a further extension of the voluntary departure date. The petitioner then filed the present petition for review under section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a).

Upon consideration of the petition for review, the Government's motion to dismiss, and the opposition to the motion, it appears that the petitioner failed to exhaust her administrative remedies. This failure to exhaust the available administrative remedies is sufficient ground for dismissal of the petition. See Roumeliotis v. Immigration and Naturalization Service, 354 F.2d 236 (7th Cir.), cert. denied, 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 360 (1966).

The petitioner attempts to avoid the exhaustion requirement by asserting that an administrative appeal would be meaningless in the present situation because the petitioner could be deported while her administrative appeal was pending. There is, however, no administrative practice which would permit petitioner to be deported upon expiration of the time allowed for voluntary departure so long as her administrative

remedies have not been exhausted. The Immigration and Naturalization Service regulations, 8 C.F.R. § 3.6 (Supp.1968), provide for an automatic stay of the special inquiry officer's decision on deportability pending appeal to the Board of Immigration Appeals. Likewise, the running of a voluntary departure authorization is also stayed. See Matter of Benzon, Files: A–17756338, A–14440566, Board of Immigration Appeals (August 13, 1968). Thus, the administrative remedies provided are not illusory and a failure to take an appeal to the Board deprives a court of appeals of jurisdiction to review an order of deportation.

 Moreover, the District Director's denial of a stay of voluntary departure is not reviewable by a court of appeals. Cheng Fan Kwok v. Immigration and Naturalization Service, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). Therefore, this petition for review is dismissed for want of jurisdiction.