Gulabbhai Vallabhbhai LAD
and
Ambaben Gulabbhai Lad, Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 76–1080.

United States Court of Appeals,
First Circuit.

Argued June, 3, 1976.

Decided Aug. 11, 1976.

Addendum Aug. 25, 1976.

Jeremy A. Stahlin, Boston, Mass., with whom Lawrence D. Shubow and Shubow, Stahlin & Bergstresser, Inc., Boston, Mass., were on brief, for petitioners.

Robert E. Courtney, III., Atty., Dept. of Justice, Washington, D.C., with whom Philip Wilens, Acting Chief, Government Regulations and Labor Section, Crim. Div. and James P. Morris, Atty., Dept. of Justice, Washington, D.C., were on brief, for respondent.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Petitioners, husband and wife, have been illegally in the United States since January 11, 1974, when their authorization to remain in this country as nonimmigrant students expired. In a decision dated September 3, 1975, an immigration judge found that the petitioners were deportable, but granted them the privilege of voluntary departure on or before October 3, 1975. The Board of Immigration Appeals, in a decision dated January 21, 1976, affirmed the finding of deportability[1] and granted petitioners voluntary departure "within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director. . . ." Petitioners then applied, under § 244(e) of the Immigration and Nationality Act, 8 U.S.C. § 1254(e) to the District Director for an extension of time in which to depart on the ground that they were pursuing a collateral matter in the district court. On February 12, 1976, the District Director denied the application for an extension of time.

Petitioners in effect ask us to review two issues: (1) the District Director's denial of an extension of time; and (2) the immigration judge's decision to grant them a 30-day rather than an indefinite period in which to depart voluntarily. We conclude that as to the first issue we have no jurisdiction, and that as to the second there was no abuse of discretion.

The relevant jurisdictional statute is § 106(a) of the Act, 8 U.S.C. § 1105a, which vests exclusive jurisdiction in the courts of appeals from "all final orders of deportation . . . made against aliens . . . pursuant to administrative proceedings under section 242(b) of [the] Act [8 U.S.C. § 1252(b)]." The Supreme Court has directly addressed the question whether the courts of appeals have jurisdiction under this statute to review the denial of a stay of deportation not entered in the course of a § 242(b) proceeding. *Cheng Fan Kwok v. INS,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968).[2] The Court held that ". . . Congress quite deliberately restricted the application of § 106(a) to orders entered during proceedings conducted under § 242(b), or directly challenging deportation orders themselves." *Id.* at 215, 88 S.Ct. at 1975 (footnote omitted). *See also In Ja Kim v. INS,* 403 F.2d 636, 638 (7th Cir. 1968). Since the application to the District Director was not a proceeding under § 242(b) nor was it incident to a motion to reopen such proceedings, *see Cheng Fan Kwok v. INS, supra,* 392 U.S. at 212–13, 216, 88 S.Ct. 1970, we are without jurisdiction[3] to review the District Director's denial of the application.[4]

---

1. Petitioners did not contest their deportability at the hearing before the immigration judge and they do not challenge his finding in this appeal.

2. Petitioners' brief does not cite or attempt to distinguish this case.

3. Footnote 16 of the Supreme Court's opinion in *Cheng Fan Kwok v. INS,* 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968) contains the following statement: "We intimate no views on the possibility that a court of appeals might have 'pendent jurisdiction' over denials of discretionary relief, where it already has before it a petition for review from a proceeding conducted under § 242(b)." (Citation omitted.)

While we likewise refrain from deciding whether such "pendent jurisdiction" exists, we

■ Turning to that portion of petitioners' appeal over which we do have jurisdiction, viz. the immigration judge's refusal to grant them the privilege of voluntary departure for a period in excess of 30 days, we note first that our standard of review is that of abuse of discretion. *Foti v. INS,* 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963); *Panagopoulos v. INS,* 434 F.2d 602 (1st Cir. 1970). *See also Vassiliou v. District Director,* 461 F.2d 1193, 1195 (10th Cir. 1972); *Strantzalis v. INS,* 465 F.2d 1016, 1017 (3d Cir. 1972).

Petitioners contend that they should have been granted an indefinite period of voluntary departure because the male petitioner is involved in collateral litigation. The collateral action challenges the Department of Labor's denial of an application for alien employment certification. Petitioners argue that the immigration judge abused his discretion in not granting them a period of voluntary departure long enough to permit them to stay in this country until judicial review of the Labor Department's action is concluded.

The pendency of a collateral legal action, however, does not create per se any entitlement to discretionary relief under § 244(e) of the Act, 8 U.S.C. § 1254(e). *See Bowes v. District Director,* 443 F.2d 30 (9th Cir. 1971). *See also Bolanos v. Kiley,* 509 F.2d 1023, 1025–26 (2d Cir. 1975). And we do not think that the immigration judge abused his discretion in denying petitioners a longer period of voluntary departure. We agree with him that "[t]here is no reason to prefer [the male petitioner] to those aliens who have applied for labor certification from their home country, and who are awaiting the issuance of such certification before coming to the United States." Although we are sympathetic to petitioners' plight, we must bear in mind that they have been in violation of our immigration laws since January 1974. In the words of the Second Circuit, "There is no reason to prefer those who have flouted the immigration laws, which permitted their entry for a limited time and purpose, over those who have steadfastly and patiently followed legal procedures." *Noel v. Chapman,* 508 F.2d 1023, 1029 (2d Cir. 1975). *See also Gonzalez-Cuevas v. INS,* 515 F.2d 1222 (5th Cir. 1975).

*The petition for review is denied.*

### ADDENDUM

After this opinion had been sent to the printer, the court received a letter from petitioners' counsel indicating that a hearing on the collateral matter was scheduled for September 13, 1976 in the district court. Nothing in our opinion should be understood as precluding petitioners from seeking, even at this late date, an extension of time from the Immigration and Naturalization Service.

___

would not be inclined under the circumstances of this case to exercise it in petitioners' behalf should that discretionary option be available to us. *Cf. Rosado v. Wyman,* 397 U.S. 397, 402–05, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

4. It would appear that petitioners may seek review of the District Director's decision in the district court. *See Cheng Fan Kwok v. INS,* *supra,* 392 U.S. at 210, 88 S.Ct. 1970; *Bolanos v. Kiley,* 509 F.2d 1023 (2d Cir. 1975); *Dimaren v. INS,* 398 F.Supp. 556, 558 (S.D.N.Y.1974). However, while we do not express any opinion as to how the district court should treat such an application for relief, we note that "[t]he refusal of the District Director to extend the date for . . . voluntary departure is . . . to be viewed under the usual test of abuse of discretion." *Bolanos v. Kiley, supra* at 1026.