**Ardesheer P. KAVASJI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 80–2412.

United States Court of Appeals,
Seventh Circuit.

Submitted on Records and Briefs Dec.
28, 1981.*

Decided Jan. 12, 1982.**

John R. Wilks, Wilks & Kimbrough, Fort
Wayne, Ind., for petitioner.

Thomas P. Sullivan, U. S. Atty., Chicago,
Ill., Benjamin Civiletti, U. S. Atty. Gen.,
James P. Morris, Crim. Div., Dept. of Jus-
tice, Lauri S. Filppu, Dept. of Justice,
Washington, D. C., for respondent.

Before PELL, BAUER, and WOOD, Cir-
cuit Judges.

PER CURIAM.

Petitioner Ardesheer P. Kavasji seeks re-
view of a final order of deportation issued
against him by the Board of Immigration
Appeals on September 3, 1980. The Board
of Immigration Appeals affirmed the deci-
sion of an Immigration Law Judge which
held that the petitioner was deportable un-
der § 241(a)(2) of the Immigration and Na-
tionality Act, 8 U.S.C. § 1251(a)(2), since
Kavasji had remained in the United States
beyond the period authorized by the terms
of his admission as a nonimmigrant student.

Ardesheer P. Kavasji is a twenty-five
year old citizen and national of Pakistan
who entered the United States on Septem-
ber 4, 1970 to study engineering at the
Indiana Institute of Technology at Fort
Wayne, Indiana. Kavasji was authorized as
a nonimmigrant student to remain in the
United States until July 30, 1979. In the

---

\* After preliminary examination of the briefs filed
in this appeal, the court notified the parties it
had tentatively decided oral argument would
not be helpful in deciding the appeal. *See*
Fed.R.App.P. 34; Circuit Rule 14(f). Having
considered the petitioner's Statement ,as to
Need for Oral Argument, the court concluded
oral argument is not necessary. The case is

submitted for decision on the briefs and record
alone.

\*\* This appeal was originally decided by an un-
published order on January 12, 1982 pursuant
to Circuit Rule 35. The court has subsequently
decided to issue that decision as an opinion.

early part of 1979, Kavasji sought to transfer from the Indiana Institute of Technology to Huntington College in Huntington, Indiana. To that end Kavasji requested permission from the Immigration and Naturalization Service ("INS") to transfer schools and to extend his stay in this country. In February 1979, Kavasji and his attorney prepared and mailed to the INS office in Huntington, Indiana a Form I–538 petition to transfer and a Form I–20 from Huntington College as required by INS regulation. 8 C.F.R. 214.1(c); 8 C.F.R. 214.-2(f)(4).[1] According to Kavasji's counsel, the application for a transfer and extension were either lost in the mail or lost by the INS. Consequently, Kavasji never received authorization from the INS to transfer schools or to remain beyond July 30, 1979.

Kavasji nonetheless attended Huntington College without an application being filed. About August 10, 1979, Kavasji submitted another application for an extension of stay and a transfer of schools with the assistance of the Dean of Students of Huntington College. That application was denied on November 1, 1979 by the INS for the express reason that Kavasji violated his nonimmigration status by remaining in the

United States beyond his authorized stay. Accordingly, the INS district director ordered Kavasji to depart by December 1, 1979.

When Kavasji failed to leave the country by December 1, 1979, the INS commenced deportation proceedings against him. To that end the INS issued an Order to' Show Cause dated January 7, 1980 charging that Kavasji was subject to deportation pursuant to § 241(a)(2) of the Immigration and Nationality Act for having remained in the United States for a longer time than permitted.

At the deportation hearing before an Immigration Law Judge on March 5, 1980, Kavasji admitted all of the allegations in the Order to Show Cause, including the fact that he had received a Form I–541 notification that his application for an extension was denied on November 1, 1979 because he was deemed an overstay.[2] Kavasji's counsel argued that the district director's decision to deny an extension of a temporary stay was arbitrary and capricious in light of the fact that Kavasji had attempted in February of 1979 to obtain permission to transfer and to extend his stay.[3] The hearing

---

1. 8 C.F.R. 214.1(c) provides in pertinent part: *Extension of Stay....* Nonimmigrant aliens defined in section 101(a)(15)(F) and (J) of the Act [nonimmigrant students] shall apply for extension of stay only on Form I–538.... The application should be submitted at least fifteen days and not more than sixty days prior to expiration of the currently authorized stay; and it may be granted or denied by the district director or officer in charge. There shall be no appeal from his decision.
   8 C.F.R. 214.2(f)(4) provides in pertinent part: *School Transfer.* A student shall not be eligible to transfer to another school unless he submits a valid Form I-20 completed by that school and the Service grants him permission to transfer. Application for transfer shall be made on Form I-538 and shall be filed in the Service office having jurisdiction over the school which he was last authorized by the Service to attend; ....

2. The Order to Show Cause alleged the following:
   1. You are not a citizen or national of the United States;

2. You are a native of Pakistan and a citizen of Pakistan;
3. You entered the United States at New York City, New York on or about September 4, 1978;
4. You were admitted to the United States as a student and were authorized to remain in the United States until July 30, 1979;
5. On November 1, 1979 your application for extension of temporary stay in the United States was denied and you were granted the privilege of departing voluntarily from the United States on or before December 1, 1979; ....

3. Kavasji's counsel also suggested that the handling of the case by the Service was irregular inasmuch as he had not had a ruling on the original application for transfer nor was he notified that the time was running out; moreover, the attorney claimed that he was not notified of action taken on the second application although an appearance form dated October 1, 1979 was included in the petitioner's file at the Service and although throughout this period he had been in regular communication with the Service's Hammond office.

was adjourned in order to give Kavasji an opportunity to present his case to the district director for reconsideration of the earlier denial of his request for a temporary stay.

Upon the resumption of the deportation hearing proceedings Kavasji's attorney stated that the district director refused to reconsider Kavasji's case. His attorney again contended that the district director acted arbitrarily and capriciously and moved to terminate the proceedings. The Immigration Law Judge held that he had no jurisdiction to review the district director's denial of a temporary stay because the matter was strictly within the discretion of the district director. Accordingly, the Immigration Law Judge refused to admit evidence and argument concerning an alleged abuse of discretion by the district director.

In the Decision of the Immigration Law Judge dated May 15, 1980, the motion to terminate the proceedings submitted by Kavasji's counsel was denied on the ground that under relevant regulations of the Immigration and Naturalization Service there is no jurisdiction for the Immigration Law Judge to review the denial by the district director of an application for transfer of schools or extension of stay, citing 8 C.F.R. 103.1(n); 8 C.F.R. 214.1(c). It was further noted that under relevant regulation no appeal lies from the decision of the district director. 8 C.F.R. 214.2(f)(7).[4] The Immigration Law Judge held that a nonimmigrant alien becomes deportable as an "overstay" when the period of his admission expires, unless he receives a grant of an extension of stay from the district director. Accordingly, Kavasji was found deportable by clear, convincing, and unequivocal evidence.

On appeal the Board of Immigration Appeals upheld the Immigration Law Judge's

findings and conclusions and granted Kavasji until October 30, 1980 to depart voluntarily. On October 6, 1980 Kavasji filed this petition for review.

In this petition for review Kavasji claims that the action taken by the district director was a manifest abuse of discretion. Also Kavasji claims that it was error for the Immigration Law Judge to refuse to permit evidence pertinent to certain lost documents or concerning the alleged arbitrary and capricious action of the district director. Thus petitioner contends that the denial of the request to terminate the proceedings was improper and that deportability was not proven by clear, convincing, and unequivocal evidence.

■ The respondent INS on the other hand contends that this court does not have jurisdiction to review the district director's denial of the request for a transfer and extension of stay. The respondent is correct in this contention. Under § 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), this court's jurisdiction extends to "final orders of deportation ... made against aliens within the United States pursuant to administrative proceedings under section 1252(b) (of Title 8)." The Supreme Court in *Cheng Fan Kwok v. INS*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), held that the discretionary denial by a district director of a stay of deportation is not reviewable as a final order of deportation because Congress restricted the application of § 106(a) to orders entered during deportation proceedings conducted under § 242(b), 8 U.S.C. § 1252(b), or directly challenging deportation orders themselves. *See also In Ja Kim v. INS*, 403 F.2d 636, 638 (7th Cir. 1968).

Since the applications to the district director for an extension of a temporary stay

---

4. 8 C.F.R. 214.2(f)(7) provides:
    *Decision on application for extension, permission to transfer to another school, or permission to accept or continue employment.*

The applicant shall be notified of the decision and, if the application is denied, of the reason therefor. No appeal shall lie from the decision.

and to transfer were not submitted pursuant to a proceeding under § 242(b), nor were they incident to a motion to reopen such a proceeding (*see Cheng*, 392 U.S. at 212–213, 216, 88 S.Ct. at 1974–1975, 1976), this court is without jurisdiction to review the district director's denial of the applications in question. *See Lad v. INS*, 539 F.2d 808, 809 (1st Cir. 1976).

 Although petitioner attempts to distinguish *Cheng* on the basis that the present case does not involve a denial of a stay of deportation as in *Cheng* but rather a denial of an extension of a temporary stay, petitioner does not show how that distinction is significant for the purpose of demonstrating that the discretionary determination by the district director in this case was made during the course of deportation proceedings.[5] In short, Kavasji's challenge to the actions of the district director properly belongs in the district court. *See, e.g., Richards v. INS*, 554 F.2d 1173 (D.C.Cir. 1977); *Lad v. INS, supra.*

Finally, the regulations make clear that the Immigration Law Judge had no jurisdiction to review the district director's discretionary actions taken in this case. *See* 8 C.F.R. 103.1(n); 8 C.F.R. 214.1(c); 8 C.F.R. 214(f)(7). Therefore it was not error for the Immigration Law Judge to refuse to consider the evidence pertinent to Kavasji's claim that the district director abused its discretion.

The petitioner does not otherwise challenge the basis of the decision of the Immigration Law Judge. In any event, it is clear that the deportability of Kavasji was established by clear, convincing, and unequivocal evidence. Therefore the order of the Immigration and Naturalization Service requiring petitioner to depart voluntarily is affirmed.

---

**5.** Contrary to petitioner's allegation in his brief, the Immigration Law Judge did not *remand* the matter back to the district director. Rather, the transcript shows clearly that the judge merely continued the case to allow Kavasji an opportunity to petition the district director for reconsideration. Moreover, the Immigration Law Judge expressly disavowed jurisdiction to review the decision of the district director in this case.