**In the Matter of the Petition of Jesus FLORES and Maria Gamboa Flores, Petitioners-Appellees,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellant.**

**No. 74–1769.**

United States Court of Appeals, Ninth Circuit.

Oct. 17, 1975.

Dzintra Janavs, Asst. U. S. Atty. (argued), Los Angeles, Cal., for respondent-appellant.

David C. Marcus, Los Angeles, Cal., for petitioners-appellees.

## OPINION

Before TRASK and CHOY, Circuit Judges, and VON DER HEYDT,* District Judge.

PER CURIAM:

This is an appeal from the district court's judgment and order granting appellees' petition for habeas corpus relief.

The appellees, Jesus Flores and Maria Gamboa Flores, are natives and citizens of Mexico who were illegally smuggled into the United States. They have been found deportable as they were excludable under 8 U.S.C. § 1251(a)(1) at the time of entry since they did not possess immigrant visas as required by 8 U.S.C. § 1182(a)(10). Deportation orders were entered against appellees on May 3, 1973. However, the deportation orders were not effective if appellees voluntarily departed from this country by August 3, 1973. The Flores subsequently applied for extension of their voluntary departure date until such time as their pending visa applications could be acted upon. Their applications were denied without specific reasons except for the insertion of the words, "Children 4 Illegal" at the bottom of the application. However, appellees were granted an extension of the voluntary departure date until August 12, 1973. The habeas corpus action, now under review, was instituted on August 3. The district court granted the relief requested on September 28, 1973, finding that the District Director of the Immigration and Naturalization Service abused his discretion in denying the applications for an extension of the volun-

---

* Honorable James A. von der Heydt, United States District Judge, District of Alaska, sitting by designation.

tary departure date.

The INS raises three principal contentions in this appeal.

■ The service first contends that insufficient "custody" exists to invoke jurisdiction under 28 U.S.C. § 2241. It is well settled that custody required for jurisdiction pursuant to 28 U.S.C. § 2241 does not necessarily mean physical custody. *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). In *Bustos-Ovalle v. Landon*, 225 F.2d 878 (9th Cir. 1955) this court held that the petitioner could not avail himself of judicial relief from an order allowing voluntary departure on the dual grounds of failure to exhaust administrative remedies and lack of sufficient custody to support habeas corpus jurisdiction. In the instant case, however, no contention has been raised concerning failure to exhaust administrative remedies. Additionally, no deportation order was in effect in *Bustos-Ovalle.* In the present case the appellees are under deportation orders although, admittedly, they will not be taken into actual physical custody until a warrant is issued. 8 C.F.R. 243.1 and 243.2. Further, the affidavit of Donald T. Williams, Acting District Director, establishes that the appellees will be deported without notice of further proceedings. Given the fact that the deportation order states, by its own terms, that it will go into force automatically at the expiration of the period allowed for voluntary departure, and the affidavit of Donald T. Williams, the court concludes that there was sufficient immediacy of action and interference with freedom to support habeas corpus jurisdiction.

■ Appellant's other contentions are that the district court erred in finding an abuse of discretion on the part of the service and, assuming that abuse existed, that the trial court erred in not remanding the cause to the service. The trial court found that there was an abuse of discretion under the particular facts of this case as alleged in the petition.

While we would be hard pressed to affirm the trial court on this basis, it is apparent, from the record, that the district court granted the requested relief because of the failure of the service to articulate reasons for the denial of the requested extension of the appellees voluntary departure date. Since reasons for the denial were not set forth, the district court could not determine whether the service had in fact abused its discretion. An appropriate course of action in such a case would have been for the district court to remand the matter to the agency. *Zemke v. Larsen*, 434 F.2d 1281 (9th Cir. 1970). Nevertheless since the failure to articulate reasons must rest with the service, we cannot say that the district court abused its discretion in granting the requested relief.

Affirmed.