**Belinda TERRADO, No. A22678735, Plaintiff,**

v.

**A.D. MOYER, District Director of the Immigration and Naturalization Service, Defendant.**

No. 86 C 3940.

United States District Court, N.D. Illinois, E.D.

Sept. 8, 1986.

Stanley J. Horn, Orlana E. Wyshnytzky, Horn, Randall & Associates, Ltd., Chicago, Ill., for plaintiff.

Jack Penca, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

Plaintiff Belinda Terrado seeks an order declaring that her deportation to the Philippines was unlawful, and requiring the Immigration and Naturalization Service ("INS") to return her to the United States.

### FACTS

Terrado, who entered the United States on a 30–day visa in 1980 and later applied unsuccessfully for a student visa, was subject to an immigration judge's order that she voluntarily depart from this country before April 24, 1986 or be deported. On April 21, 1986, she requested an extension of her voluntary departure date. The INS held a hearing on this request on May 6, at which Terrado presented evidence of medical reasons for remaining in the United States. The INS considered this evidence and refused to extend Terrado's departure date more than two additional days.

The INS subsequently issued a warrant of deportation for Terrado for May 29. On that date Terrado reported for deportation and also filed a request for a stay of deportation pursuant to 8 C.F.R. 234.4. On May 30, an INS official telephoned the office of Terrado's counsel and informed an attorney there that the request for a stay of deportation had been denied. Terrado was deported to the Philippines the same day. The INS official who telephoned the offices of Terrado's counsel gave no reasons for the denial of her request for a stay, but on June 12 the INS issued a written explanation of its decision, which was delivered to both Terrado and her counsel.

On June 2, Terrado's attorney, acting on the mistaken belief that his client remained in the United States, filed a petition for habeas corpus seeking Terrado's release from custody and cancellation of the depor-

tation order. Upon learning of Terrado's deportation, her attorney orally informed the court—without amending the habeas corpus petition—that his client now seeks an order requiring the INS to return her to the United States on the ground that the INS violated 8 C.F.R. 234.4 by deporting her before providing her with a written statement of reasons for denying her request for a stay of deportation.

## DISCUSSION

 At the outset the court notes that the pleading before it seeks only Terrado's release from the custody of the INS and cancellation of her deportation order. Terrado's deportation renders both of these issues moot.

Because the government has failed to raise the question of mootness, however, and because both parties have briefed the merits of Terrado's request for an order returning her to the United States, the court likewise addresses the merits of that request.

An alien's request for a stay of deportation is governed by 8 C.F.R. § 234.4, which provides in relevant part:

> The district director, in his discretion, may grant a stay of deportation for such time and under such conditions as he may deem appropriate. Written notice of the disposition of the alien's request shall be served upon him and any notice of denial shall include specific reasons therefor; however, neither the making of the request nor the failure to receive notice of the disposition of the request shall relieve the alien from strict compliance with any outstanding order to surrender for deportation.

Nothing in the language of § 234.4 requires the district director to provide a written explanation of the disposition of an alien's request for a stay prior to the time of deportation. Reading such a requirement into the regulation would permit an alien to delay her deportation by filing a last-minute request for a stay, as Terrado did, and waiting for the INS to produce a written opinion.

Here the INS informed Terrado of its decision prior to her deportation and provided her with a written explanation of that action within the reasonable period fo 14 days after the filing of her request for a stay. This was sufficient to comply with § 234.4, particularly in light of the fact that the district director's denial of Terrado's request for a stay may be reversed only for abuse of discretion, *see Bothyo v. Moyer*, 772 F.2d 353, 355 (7th Cir.1985)—a standard of review which evaluates the reasonableness of the district director's decision in light of the record before him and thus does not require the alien's presence.

The petition for habeas corpus is dismissed.

IT IS SO ORDERED.