**Belinda TERRADO,**
**Petitioner-Appellant,**

v.

**A.D. MOYER, District Director, Immigration and Naturalization Service,**
**Respondent-Appellee.**

No. 86–2524.

United States Court of Appeals,
Seventh Circuit.

Submitted May 27, 1987.
Decided June 12, 1987.

Stanley J. Horn, Horn, Randall & Assoc., Ltd., Chicago, Ill., for petitioner-appellant.

Anton R. Valukas, U.S. Atty., Joseph H. Hartzler, Jack Penca, Asst. U.S. Attys., Chicago, Ill., for respondent-appellee.

Before BAUER, Chief Judge, and WOOD and EASTERBROOK, Circuit Judges.

PER CURIAM.

Belinda Terrado, unlawfully in the United States, was ordered to leave. She neither sought judicial review of the order of deportation nor took advantage of the privilege of voluntary departure. A warrant was issued for her deportation. On May 29, 1986, she surrendered and filed both a request to reopen the proceedings and an application for an administrative stay pending reopening under the terms of 8 C.F.R. § 243.4. This regulation provides both (a) that if officials deny the request they shall give "specific reasons", and (b) that "neither the making of the request nor the failure to receive notice of disposition of the request shall relieve the alien from strict compliance with any outstanding notice to surrender for deportation". On May 30 the district director of the Immigration and Naturalization Service informed Terrado's attorney that the application would be denied. She was deported the same day.

Terrado's attorney, apparently unaware that his client was no longer in the country, filed on June 2 a petition for a writ of habeas corpus under 8 U.S.C. § 1105a(a)(9), which states that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." See also *Bothyo v. Moyer*, 772 F.2d 353 (7th Cir.1985). The petition maintained that Terrado was entitled to stay in the United States until she received the "specific reasons" required by the regulation—reasons that were not forthcoming until June 12. When counsel discovered that Terrado was gone, he asked that she be returned to the United States so that she could contest the process that led to her deportation in advance of the statement of reasons.

His problem is that the district court never acquired jurisdiction. On June 2 district director Moyer, the respondent, did not have custody of Terrado. Custody is an essential ingredient of a case under § 1105a(a)(9). See *Umanzor v. Lambert*, 782 F.2d 1299 (5th Cir.1986); *United States ex rel. Marcello v. District Director*, 634 F.2d 964, 969 (5th Cir.1981). This did not faze the district judge, who recognized that he lacked jurisdiction but decided the case anyway, holding that the INS need not defer deportation while writing up the reasons for denying the application for a stay. The court explained its decision to decide the merits this way:

> At the outset the court notes that the pleading before it seeks only Terrado's release from the custody of the INS and cancellation of her deportation order. Terrado's deportation renders both of these issues moot.

Because the government has failed to raise the question of mootness, however, and because both parties have briefed the merits of Terrado's request for an order returning her to the United States, the court likewise addresses the merits of that request.

642 F.Supp. 1136, 1137 (N.D.Ill.1986). Yet the parties' failure to address a jurisdictional problem—a performance the government repeated on appeal despite its obligation to assist the court in ascertaining its jurisdiction, see *Azeez v. Fairman*, 795 F.2d 1296, 1297 (7th Cir.1986)—hardly allows a court to decide the merits.

Both the statute and the Constitution interpose obstacles. The statute because § 1105a(a)(9) limits the district court's power to an alien "held in custody pursuant to an order of deportation". By the time Terrado filed this case, she was no longer "held in custody pursuant to an order of deportation". The Constitution because there must be a "case or controversy" within the meaning of Article III. This case was never alive. A moot case must be dismissed. If a district judge nonetheless enters a judgment, the appellate court must vacate it. E.g., *Department of the Treasury v. Galioto*, —— U.S. ——, 106 S.Ct. 2683, 91 L.Ed.2d 459 (1986); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *United States v. 203 Paper Bags*, 818 F.2d 569 (7th Cir.1987).

Terrado has tried to breathe life into the case by asking to be returned to the United States. That request cannot supply the missing subject matter jurisdiction, which the district court never acquired. More, it is unavailing on any terms. Return to the United States could be available, if at all, only if the deportation were invalid. The Ninth Circuit has held that a court may order an alien returned to the United States when a deportation is not "legally executed", see *Estrada-Rosales v. INS*, 645 F.2d 819 (1981), a subject on which we express no opinion. The Ninth Circuit has treated this principle as applicable to claims that the order of deportation was not valid (because, as in *Estrada-Rosales*, based on an invalid criminal conviction) or executed

without giving counsel for the alien a chance to contest it. Our case, however, does not entail a challenge to the order of deportation. It is final. Counsel does not say that he lacked notice of the order or the warrant issued to execute it. Terrado argues only that she should not have been deported before receiving a statement of reasons. But a request for a stay does not act as a stay, so that deportation may proceed while the district director is considering the request. Reasons now have been furnished, and it would be ridiculous to fetch Terrado back to the United States only to deport her again the same day.

Terrado could not contest the order of deportation in the district court even had she been in the country when she filed the case. The court of appeals is the exclusive forum for that challenge. See *Bothyo*, 772 F.2d at 355–56 & n. 1, which discusses the allocation of jurisdiction between the district courts and the courts of appeals in deportation cases. The district court accordingly did not have the authority to order Terrado returned to the United States, no matter what the court made of Terrado's arguments under 8 C.F.R. § 243.-4—which, being neither a statute nor a part of the Constitution, is a dubious ground for a writ of habeas corpus even if it creates an entitlement to reasons in advance of deportation. Cf. *Kramer v. Jenkins*, 806 F.2d 140, 142 (7th Cir.1986).

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the petition for want of jurisdiction.