Ryszard **GURBISZ**, Plaintiff,

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE; and A.D. Moyer, Defendants.**

No. 87 C 7122.

United States District Court, N.D. Illinois, E.D.

Dec. 15, 1987.

Richard J. Puchalski, Doss, Puchalski & Keenan, Chicago, Ill., for plaintiff.

Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Petitioner Ryszard Gurbisz has petitioned for a writ of habeas corpus on the grounds that the Attorney General has wrongfully denied him and a class of other Polish nationals Extended Voluntary Departure status pursuant to the Attorney General's powers under the immigration laws. The government has moved to dismiss on the grounds that this court lacks jurisdiction to adjudicate this claim. For the reasons set forth below, this motion is denied.

## FACTS

The facts in this case are not in dispute. Petitioner is a 36-year-old citizen of Poland who was admitted as a visitor for pleasure to New York on November 9, 1985. He was authorized to remain in the United States until May 8, 1986.

Unbeknownst to the government, petitioner came here for more than mere pleasure. Prior to seeking the November visa, petitioner had received a letter from a Chicago man whom he had met when he visited Chicago in the late 1970s. The man invited petitioner to come and work at his bakery in Chicago, Illinois while he, the baker, sought a permanent visa for petitioner. Petitioner accepted the invitation. He did not, however, reveal his true intentions to the United States government.

By working in the bakery, petitioner violated the conditions of his non-immigrant status as set forth in § 241(a)(9) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(9), and became subject to deportation. On February 13, 1986, respondents served petitioner with an order

to show cause why he should not be deported and took him into custody. That same day, petitioner was released from custody under a $1,500 bond.

Petitioner did not contest his deportability under § 241(c). Instead, on May 21, 1986 he petitioned for political asylum on the grounds that he would be subject to political persecution if he returned to Poland. A hearing on the asylum application was set for May 13, 1987.[1]

At the May 13 hearing, petitioner withdrew his application for political asylum and instead requested the relief of statutory voluntary departure. The immigration judge granted his request, on the condition that petitioner depart this country by August 13, 1987, with a final order of deportation to issue on that date if he did not. Petitioner agreed, but when August 13 came he did not depart. Instead, he filed the instant petition for a writ of habeas corpus, alleging that he is entitled to nonstatutory Extended Voluntary Departure status on account of his Polish citizenship.

Extended Voluntary Departure ("EVD") is an extrastatutory form of discretionary relief granted by the Attorney General to particular groups of aliens. The grant of EVD status by the Attorney General results in the suspension of deportation proceedings against individuals within the specified groups irrespective of their individual deportability. Petitioner claims that he should have been granted EVD status on the grounds that the Attorney General's refusal to extend EVD status to all Polish nationals, in light of the extension to Polish nationals who entered the United States prior to January 21, 1984, was arbitrary and capricious and an abuse of discretion. He therefore asks this court to order the Attorney General to extend EVD status to all Polish nationals currently within this country, an action which would save him from the imminent deportation he now faces.

Petitioner has alleged two independent grounds for subject matter jurisdiction in

this court. First, petitioner invokes this court's habeas corpus jurisdiction under INA § 106(a)(9), 8 U.S.C. § 1105a(a)(9), on the grounds that, although he is not in physical custody, the order of deportation places him in constructive custody for the purposes of the habeas provision. Second, petitioner claims that this court has general subject matter jurisdiction to review the Attorney General's actions pursuant to the interplay of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* and INA § 279, 8 U.S.C. § 1329. The government has moved to dismiss the petition on a variety of jurisdictional grounds.

## DISCUSSION

### I. SUBJECT MATTER JURISDICTION

The government first argues that this court lacks habeas jurisdiction because petitioner is not "in custody" for the purposes of the INA's habeas provision, and because petitioner did not exhaust his administrative remedies prior to filing this lawsuit. The government does *not* argue that the matter addressed by petitioner's complaint falls outside the *scope* of the INA's habeas jurisdictional grant, nor does the government argue that petitioner's claim falls without the scope of the general jurisdictional grant of INA § 279. Nevertheless, because of the complicated nature of the INA's jurisdictional provisions, and in recognition of this court's duty to resolve jurisdictional issues not raised by the government, *see Terrado v. Moyer,* 820 F.2d 920 (7th Cir.1987), a discussion of the INA's jurisdictional provisions, and their application to this case, is in order.

### A. *General Subject Matter Jurisdiction*

INA § 279, 8 U.S.C. § 1329, grants to federal district courts "jurisdiction of all causes, civil and criminal, arising under any of the provisions of this subchapter." INA § 106, 8 U.S.C. § 1105a, however, limits § 279 by giving to the courts of appeals exclusive jurisdiction over all "petitions for

---

**1.** Neither party has seen fit to explain to this court the year delay between the application for political asylum and the hearing on this matter.

Regrettably, such gaps and similar deficiencies plague the record in this case.

judicial review of final orders of deportation entered against aliens in the United States pursuant to administrative proceedings under § 242(b) of the Act, 8 U.S.C. § 1252(b)." *Salehi v. District Director, I.N.S.*, 796 F.2d 1286, 1297 (10th Cir.1986).

The Supreme Court and lower courts have clarified that the exclusive jurisdiction of § 106 extends not only to "the actual order of deportation, but [to] all orders closely related to the deportation proceeding ... and entered during the proceeding, such as an order denying voluntary departure or an adjustment of status." *Carvajal–Munoz v. INS*, 743 F.2d 562, 566 (7th Cir.1984). *See also Giova v. Rosenberg*, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964); *Foti v. INS*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). Thus, if an issue may be adjudicated by an immigration judge, it may not be reviewed by a district court pursuant to § 279. *Bothyo v. Moyer*, 772 F.2d 353, 355 n. 1 (7th Cir. 1985). If, on the other hand, the issue is one over which the immigration judge lacks original jurisdiction—i.e., those decisions left solely to the district director, *see generally* Martin, *Major Issues in Immigration Law* 101–02 (1987),[2]—then § 279 gives the district court subject-matter jurisdiction over the issue.[3] *Carvajal–Munoz v. INS*, 743 F.2d at 567; *Wall v. INS*, 722 F.2d

1442 (9th Cir.1984) (denial of deferred action status); *Ghorbani v. INS*, 686 F.2d 784 (9th Cir.1982) (refusal to reinstate nonimmigrant student status). *See also Cheng Fan Kwok v. INS*, 392 U.S. 206, 210, 88 S.Ct. 1970, 1973, 20 L.Ed.2d 1037 (1968) (motions for stay of deportation filed with district directors).

In this case, petitioner is challenging the decision of the Attorney General not to grant him, and all other Polish nationals who have entered the United States since January 21, 1984, Extended Voluntary Departure status. The INS has emphasized that the decision to grant EVD status lies solely with the Attorney General:

> "EVD" refers to a blanket exercise of prosecutorial discretion to withhold enforced departure for a national group for a limited period of time. "EVD" may only be authorized by the Attorney General usually with the advice of the Secretary of State.

61 Interp.Rel. 6 (February 10, 1984).[4]

Thus, petitioner could not challenge the decision to withhold EVD status from him in his § 242(b) proceeding before the immigration judge, and § 279 gives this court subject matter jurisdiction over this issue.[5]

---

**2.** Where the regulations provide that both the district director and the immigration judge may grant a particular form of relief, the court of appeals may review the immigration judge's denial, but not that of the district director. *Che–Li Shen v. INS*, 749 F.2d 1469 (10th Cir.1984) (petition to adjust status); Martin, *Major Issues in Immigration Law* 102 n. 495 (1987).

**3.** One exception to this rule exists where the issue involves a challenge to the constitutionality of the deportation order. Although immigration judges may not resolve such constitutional questions, the Supreme Court has held that such challenges fall within the § 106(a) jurisdiction of the courts of appeals. *Immigration & Naturalization Service v. Chadha*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983). While Chadha, read broadly, could apply as well to "all matters on which the final order of deportation is contingent," *id.* at 938, 103 S.Ct. at 2777, such a broad interpretation of that decision would involve a dramatic change in the scope of § 106(a), Steel, *Steel on Immigration Law* § 1452 at 461 (1985), and appears inconsistent with subsequent decisions of the circuit courts.

*See Carvajal–Munoz v. INS*, 743 F.2d 562 (7th Cir.1984); *Williams v. INS*, 795 F.2d 738 (9th Cir.1986). In light of these later decisions, and the government's failure to pursue the matter here, this court will adhere to the narrower reading of the *Chadha* case.

**4.** In this interpretive release, the INS made a special point of differentiating between Extended Voluntary Departure and ordinary voluntary departure. Whereas the former may only be granted by the Attorney General, the latter may be granted by either the district director or the immigration judge. This distinction is, of course, crucial here. Appeals of denials of voluntary departure by immigration judges fall within the ambit of § 106(a) and must be appealed through the Board of Immigration Appeals to the Court of Appeals. *See Williams v. INS*, 795 F.2d 738, 742–43 (9th Cir.1986).

**5.** The restriction in § 279 to causes arising under Title II of the INA, 8 U.S.C. § 1252 *et seq.* does not alter this conclusion. Although the government claims that the Attorney General's

## B. *Habeas Corpus Jurisdiction*

INA § 106(a)(9) states that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." 8 U.S.C. § 1105a(a)(9) (1970 & West Supp. 1986). The interplay of § 106(a)(9) with the other jurisdictional provisions of the INA has become a matter of substantial controversy. Although Congress clearly intended it as an exception to the exclusive jurisdiction of the court of appeals,[6] *Williams v. INS,* 795 F.2d 738, 744 n. 3 (9th Cir.1986), some courts have held that this congressional intent need not control. The reason for this lies in the Supreme Court's recent expansion in the meaning of "in custody" for the purposes of habeas jurisdiction, *see, e.g., Hensley v. Municipal Court,* 411 U.S. 345, 348–49, 93 S.Ct. 1571, 1573–74, 36 L.Ed.2d 294 (1973), which has threatened to render the exclusivity provision meaningless. Since an alien subject to a final order of deportation is now "in custody" for the purposes of habeas, *see, e.g., Geisser v. United States,* 513 F.2d 862 (5th Cir.1975), *cert. denied,* 450 U.S. 1031, 101 S.Ct. 1741, 68 L.Ed.2d 226 (1981) (grant of voluntary departure with an alternative of deportation provides sufficient custody to support

petition for habeas), interpreting § 106(a)(9) as an exception to § 106(a) would give virtually every alien access to a *district* court for review of deportation orders, *see United States ex. rel Marcello v. District Director,* 634 F.2d 964, 971 n. 11 (5th Cir.), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 421 (1981), a result clearly not contemplated by Congress when it enacted the INA in 1961.

Yet, to hold that § 106(a)(9) is *not* an exception to § 106(a), but rather extends only to cases falling outside the latter's exclusive jurisdictional grant, presents a problem of its own: If § 106(a)(9) applies only where § 106(a) does not, then §§ 106(a)(9) and 279 become redundant.[7]

The circuit courts have split in applying § 106(a)(9). Some have held that § 106(a)(9) should apply to all cases in which an alien is in custody, notwithstanding the conflict this creates with the exclusive jurisdiction of § 106. *Williams v. INS,* 795 F.2d at 744; *United States ex rel. Marcello v. District Director,* 634 F.2d 964 (5th Cir.), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 421 (1981); *Pilapil v. INS,* 424 F.2d 6, 8–9 (10th Cir.) (dicta), *cert. denied,* 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147 (1970). Others have limited

---

authority to grant or withhold EVD status stems from INA § 103(a), 8 U.S.C. § 1103(a), the decision clearly implicates the Attorney General's authority to seek the deportation of aliens as set forth in INA § 242, 8 U.S.C. § 1252. *Cf. Karmali v. INS,* 707 F.2d 408 (9th Cir.1983) (approving district court jurisdiction under § 279 to review denial of nonimmigrant visa petition under INA § 101(a)(15)(L), located in Title I, because denial also implicated § 214, which is part of Title II).

6. INA § 106, 8 U.S.C. § 1105a, states, in pertinent part:

(a) The procedure prescribed by, and all the provisions of §§ 1031 and 1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States, pursuant to administrative proceedings under § 1252(b) of this title or comparable provisions of any prior Act, except that—

\*　　\*　　\*　　\*　　\*　　\*

(9) any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings.

7. Because § 106(a)(9) states that "any alien held in custody pursuant to an order of deportation may obtain judicial review *thereof* by habeas corpus proceedings," 8 U.S.C. § 1105(a)(9) (emphasis added), some commentators have suggested that it should "be limited to review only of the issue of deportability and not the denial of discretionary relief," *Steel, supra,* § 1453 at 463. However, no court has adopted this approach. On the contrary, courts have unanimously held that denials of discretionary relief are properly entertained through petitions for habeas corpus so long as the petitioner is in custody at the time he files the petition. *See, e.g., Bothyo v. Moyer,* 772 F.2d 353, 355 & n. 1 (7th Cir.1985) (stay of deportation); *United States ex. rel Marcello v. District Director,* 634 F.2d 964 (5th Cir.), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 421 (1981) (suspension of deportation). *Compare Johns v. Department of Justice of United States,* 653 F.2d 884, 896 (5th Cir.1981) (noting that "[a] petition for habeas corpus in federal court challenges only the legality and the constitutionality of a person's detention," but failing to elaborate on the meaning of "legality" within the context of the immigration laws).

§ 106(a)(9) to issues arising outside § 242(b) proceedings, despite the redundancy this approach creates between §§ 106(a)(9) and 279. *Stevic v. Sava,* 678 F.2d 401, 404 n. 5 (2d Cir.1982), *reversed on other grounds, INS v. Stevic,* 467 U.S. 407, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984); *Daneshvar v. Chauvin,* 644 F.2d 1248 (8th Cir. 1981).

The Seventh Circuit has never squarely addressed the issue. However, in *Terrado v. Moyer,* 820 F.2d 920, 922 (7th Cir.1987), the court did indicate in *dicta* that where an issue falls within the § 106 exclusive jurisdiction of the court of appeals, the district court may not obtain jurisdiction over that issue through a petition for habeas corpus under § 106(a)(9). Thus, it appears that the Seventh Circuit has aligned itself with those circuits which view the INA's habeas jurisdiction as applying only to those issues not within the exclusive jurisdiction of the court of appeals.

In any case, because, as discussed above, the issue presented here falls outside the exclusive jurisdiction of the court of appeals, this court has habeas jurisdiction over petitioner's claim; provided, of course, that petitioner can satisfy the two prerequisites to INA habeas jurisdiction: first, that he was in custody at the time he filed his petition, INA § 106(a)(9), 8 U.S.C. § 1105a(a)(9); second, that he exhausted his administrative remedies prior to filing this lawsuit, INA § 106(c), 8 U.S.C. § 1105a(c).

### 1. *"In Custody"*

The government spends a considerable amount of space in both its supporting memorandum and in its reply brief arguing that petitioner here is not "in custody" for the purposes of § 106(a)(9) habeas corpus jurisdiction. In the process, it misstates the holding of *Terrado v. Moyer,* 820 F.2d 920 (7th Cir.1987), as well as cases from other circuits, *e.g., United States ex rel. Marcello v. District Director,* 634 F.2d 964

(5th Cir.), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 421 (1981), and refuses to concede the clear holdings of *Flores v. INS,* 524 F.2d 627 (9th Cir.1975), and *Williams v. INS,* 795 F.2d 738 (9th Cir.1986), that physical custody is not a prerequisite to habeas jurisdiction under the immigration laws.

■ Under settled law in other circuits, *e.g., Flores v. INS,* 524 F.2d 627 (9th Cir. 1975); *Geisser v. United States,* 513 F.2d 862 (5th Cir.1975), and the clear implication of the Seventh Circuit's decision in *Bothyo v. Moyer,* 772 F.2d 353, 355 (7th Cir.1985) (entertaining appeal of petition for habeas where petition was filed prior to petitioner's incarceration), aliens subject to final orders of deportation are in custody for the purposes of § 106(a)(9). *Cf. Hensley v. Municipal Court,* 411 U.S. 345, 348–49, 93 S.Ct. 1571, 1573–74, 36 L.Ed.2d 294 (1973) (person released on his own recognizance is "in custody" for habeas purposes). Petitioner instituted this case on August 13, 1986, the day he became subject to a final order of deportation. Accordingly, petitioner is "in custody" as required by the habeas provision of the INA.

### 2. *Exhaustion*

The government claims that petitioner has failed to exhaust his administrative remedies, as required by § 106(c), 8 U.S.C. § 1105a(c), and that this failure deprives this court of habeas jurisdiction to review the Attorney General's decision. The government is correct that, had petitioner failed to exhaust his administrative remedies, this defect would be jurisdictional. *See Bothyo v. INS,* 783 F.2d 74 (7th Cir. 1986); *Townsend v. INS,* 799 F.2d 179 (5th Cir.1986) ("When [as in § 106(a)(9) habeas cases] exhaustion is statutorily mandated, the requirement is jurisdictional.").[8] However, the government is incorrect in arguing that petitioner has failed to exhaust his administrative remedies here.

---

8. The government quite properly does not argue that petitioner's alleged failure to exhaust prevents this court from exercising its § 279 jurisdiction. Exhaustion is not a prerequisite to § 279 jurisdiction. *See McKart v. United States,*

395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Wong v. Department of State,* 789 F.2d 1380 (9th Cir.1986) ("application of the doctrine of exhaustion of administrative remedies lies in the sound discretion of the district court.").

It is clear that, where an alien seeks habeas review of a district director's refusal to grant him relief from deportation, and the district director is the only person authorized to grant this relief, the failure to raise this issue before an immigration judge or the Board of Immigration Appeals does not constitute a failure to exhaust administrative remedies. *JAA v. United States I.N.S.*, 779 F.2d 569, 571 (9th Cir. 1986). *See also Conti v. INS*, 780 F.2d 698, 701–02 (7th Cir.1985); *Kavasji v. INS*, 675 F.2d 236, 238–39 (7th Cir.1982). The reason for this rule is, of course, that once the district director denies the relief, the petitioner has, in fact, "exhausted the administrative remedies *available to him* as of right under the immigration laws." 8 U.S.C. § 1105a(c) (emphasis added). *See also Ramirez-Osorio v. INS*, 745 F.2d 937, 939 (5th Cir.1984) ("Of course, exhaustion is not required when administrative remedies are inadequate."). *Cf. Weinberger v. Salfi*, 422 U.S. 749, 765–67, 95 S.Ct. 2457, 2466–68, 45 L.Ed.2d 522 (1975) (for exhaustion doctrine to apply, pursuing agency action must be useful to the party).

The instant case differs somewhat from those cases in that the petitioner here has not even applied to the district director for the relief he seeks. This difference does not, however, alter the result; for, as the government itself repeatedly points out, the authorization to grant EVD status lies neither with the immigration judge nor with the district director. 61 Interp.Rel. 6 (February 10, 1984); Gov.Mem. at 6–7. Accordingly, petitioner had no administrative remedies available to him and is not barred by the exhaustion requirement from seeking habeas review of the Attorney General's decision.

## II. POWER TO REVIEW THE ATTORNEY GENERAL'S DECISION

The government next argues that even if the district court has subject matter jurisdiction over petitioner's complaint, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., deprives it of the power to review the Attorney General's decision. On this score, the government makes two arguments. First, the government argues that § 704 precludes review because EVD determinations are not ripe for review—they are neither "made reviewable by statute" nor are they "final agency actions for which there is no other adequate remedy in a court." Second, the government contends that § 701 precludes judicial review of decisions granting or withholding EVD status because such decisions are a form of prosecutorial discretion "committed to agency discretion by law."

It is clear that both positions derive from a recent decision of the Court of Appeals for the District of Columbia Circuit. In *Hotel & Restaurant Employees Union, Local 25 v. Attorney General*, 804 F.2d 1256 (D.C.Cir.1986), a union brought an action on behalf of its members seeking to enjoin the deportation of Salvadoran aliens on the grounds, *inter alia*, that the Attorney General acted arbitrarily and capriciously and abused his discretion in refusing to grant EVD status to these refugees.

The Court held that the Attorney General's decision was not subject to review in the context of that lawsuit. Although it rejected the government's argument that the withholding of EVD status was unreviewable under § 701 because "committed to agency discretion by law," it held that § 704 precluded review at that time because the issue was not ripe for review: "No statute subjects the EVD decision to review ... [and the] denial of EVD as to any individual [Salvadoran] is not yet final agency action." *Id.* at 1271. Judge Silberman concurred in the result, but grounded his concurrence "squarely on the ground that the action is 'committed to agency discretion by law.'" *Id.* at 1279 (Silberman, J., concurring).

Although the case was subsequently vacated, *Hotel & Restaurant Employees Union, Local 25 v. U.S. Attorney General*, 808 F.2d 847 (D.C.Cir.1987), and thus has no precedential value, it does provide some interesting insight into the instant case. As shall be seen, however, any lessons to

be drawn from that decision differ from those urged by the government.

## A. *Ripeness*

The APA § 10(c) provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. The government argues that this section bars judicial review of the Attorney General's decision to withhold EVD status from petitioner because the decision to grant EVD status is neither "made reviewable by statute" nor "final agency action," and cites the *Hotel & Restaurant Employees Union, Local 25 v. Attorney General* decision in support of this view. 804 F.2d at 1271.

█ The government has misread both the statute and the decision, for APA § 10(c) also provides that "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on review of the final agency action." 5 U.S.C. § 704. The issuance of an order of deportation certainly constitutes final agency action, and is specifically made reviewable by INA § 106(a)(9). Thus, the denial of EVD status becomes ripe for review upon the issuance of a final order of deportation.[9] *Cf. FTC v. Standard Oil Co. of Cal.,* 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980) (agency decision to issue complaint was not final agency action, and thus would not be subject to review until final disposition). Indeed, the court in *Hotel & Restaurant Employees Union, Local 25 v. Attorney General* expressly noted that the Salvado-

rans could obtain judicial review of the Attorney General's decision once the Attorney General had brought actions of deportation against them and they had exhausted their administrative remedies. 804 F.2d at 1271.[10] Petitioner here is not barred by the doctrine of ripeness from seeking judicial review.

## B. *Committed to Agency Discretion by Law*

The government's final argument is that the Attorney General's decision to withhold EVD status from petitioner is unreviewable because it is a form of agency action "committed to agency discretion by law." APA § 10(a)(2), 5 U.S.C. § 701(a)(2). The argument, rejected persuasively by the majority in the vacated *Hotel & Restaurant Employees Union, Local 25 v. Attorney General* decision, 804 F.2d at 1271–72, but adopted by the concurrence, *id.* at 1279 (Silberman, J., concurring), stems from the Supreme Court's recent decision in *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985).

In *Chaney,* the Court held that the Food & Drug Administration's ("FDA") refusal to undertake enforcement actions against the allegedly unapproved use of certain drugs was not subject to judicial review because the decision not to prosecute under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* ("FDCA") was "committed to agency discretion by law." The Court stated that, although there is a presumption of reviewability for affirmative agency action, "an agency's decision not to take enforcement action should be

---

**9.** The fact that the Attorney General may confer EVD status upon petitioner at any time, even subsequent to the final order of deportation, does not alter this result. The final agency action is the order of deportation, and the decision to grant EVD status became ripe for review when the order did—upon its issuance. To rule otherwise would be the equivalent of saying that one convicted of a crime could not appeal the actions of the prosecutor because he might be pardoned at any time.

**10.** Although this court disagrees with the circuit court's statement that the Salvadorans could "appeal to the Board of Immigration Appeals and after that to the courts of appeal," *Hotel &*

*Restaurant Employees Union, Local 25 v. Attorney General,* 804 F.2d at 1271, *see supra* at 5–7, this does not bear on the ripeness issue. The question of where agency action may be appealed, or even whether it may be appealed at all, is not relevant to *when* it becomes ripe for appeal. *See FTC v. Standard Oil Co. of Cal.,* 449 U.S. 232, 238–39 n. 7, 101 S.Ct. 488, 492–93 n. 7, 66 L.Ed.2d 416 (1980) (noting that propriety of agency's issuance of complaint would be ripe for judicial review upon disposition of case while leaving open question of whether appeal would be barred because decision to issue complaint is "committed to agency discretion by law").

presumed immune from judicial review under § 701(a)(2)." *Id.* 105 S.Ct. at 1656. Thus, in the absence of "statutory language which supplie[s] sufficient standards to rebut the presumption of reviewability," *id.* at 1657 (citing *Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975)), refusals to enforce may not be judicially reviewed.

The government, following the lead of Judge Silberman in *Hotel & Restaurant Employees Union, Local 25 v. Attorney General*, argues that the Attorney General's refusal to *suspend* enforcement here is equivalent, for the purposes of judicial reviewability, to the FDA's refusal to *initiate* enforcement actions in *Chaney*. Thus, it contends, the absence of legislative guidance as to when EVD is appropriate renders the decision to withhold EVD status, like the decision to withhold FDCA enforcement action, "committed to agency discretion by law."

■ The problem with this argument is that, although both decisions involve the exercise of prosecutorial discretion, the instant case involves affirmative agency action—the initiation of deportation proceedings against petitioner. Thus, the presumption of unreviewability relied on in *Chaney* does not apply. *Heckler v. Chaney*, 105 S.Ct. at 1656. As Justice Rhenquist explained:

> [W]hen an agency refuses to act it generally does not exercise its *coercive* power over an individual's liberty or property rights, and thus does not infringe on those areas that courts often are called upon to protect. Similarly, when an agency does act to enforce, *that action itself provides a focus for judicial review*, inasmuch as the agency must have exercised its power in some way.

*Id.* (emphasis added). Accordingly, agency decisions to institute enforcement proceedings are presumptively reviewable, *id.* at 1655, and will be subject to review under, at least, an arbitrary and capricious standard, absent clear and convincing evidence of legislative intent to preclude review. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). *See Heckler v. Chaney*, 105 S.Ct. at 1655–67; *Moog Industries v. FTC*, 355 U.S. 411, 414, 78 S.Ct. 377, 380, 2 L.Ed.2d 370 (1958); *Achacoso–Sanchez v. INS*, 779 F.2d 1260, 1265 (7th Cir.1985) (denial of discretionary relief by Board of Immigration Appeals, where statute provides "no law to apply," remains subject to constricted "abuse of discretion" standard). *See Bertrand v. Sava*, 684 F.2d 204 (2d Cir.1982) (rejecting government argument that federal court may not review denial of parole into U.S. of excludable alien merely because such relief is not specifically granted by Congress). *Cf. FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980) (agency decision to issue complaint was "agency action" under APA § 2, 5 U.S.C. § 551, and thus subject to review upon final disposition of the case).

In this case, the government does not argue, nor does the statute suggest, that Congress intended to preclude judicial review of INS enforcement decisions. On the contrary, the numerous statutory provisions for judicial review indicate that Congress intended all INS decisions to be subject to some form of judicial oversight. Thus, although the statute sets forth no guidelines for determining whether the Attorney General abused his discretion in withholding EVD status from, and subsequently initiating enforcement action against petitioner, the Attorney General's decision is subject to review under the "arbitrary and capricious" standard of § 10 of the APA, 5 U.S.C. § 706.

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is denied.