**In the Matter of the Application of Douglas Armando CASTELLANOS A70–556–781, Petitioner.**

**No. C96–1460Z.**

United States District Court, W.D. Washington, at Seattle.

Dec. 13, 1996.

Rosalynn D. Guillen, Allen & Guillen, P.S., Seattle, WA, for Petitioner.

Christopher Lee Pickrell, U.S. Attorney's Office, Seattle, WA, for Respondent.

## ORDER

ZILLY, District Judge.

This matter comes before the Court on petitioner Douglas Armando Castellanos's Petition for a Writ of Habeas Corpus. Petitioner is an aggravated felon as a result of his previous conviction for unlawful delivery of a controlled substance. *See* INA § 101(a)(43)(B); 8 U.S.C. § 1251(a)(2)(A)(iii). Petitioner is now subject to a final order of deportation. Mr. Castellanos contends that the Board of Immigration Appeals denied him his Fifth Amendment due process rights "in that the INS has failed to fully review the humanitarian factors which provide the petitioner with his sole basis for relief." Petition for a Writ of Habeas Corpus, docket no. 1, at 7–8. Petitioner is now in custody in Yuba City, California awaiting deportation.

The Government contends that this habeas corpus proceeding should be dismissed (1) for lack of jurisdiction or improper venue because petitioner is in custody in the Eastern District of California, (2) because the court has no jurisdiction in light of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and amendments to § 440(a), and (3) on the merits because there was no due process violation which would afford Petitioner relief.

## ANALYSIS

### 1. *Jurisdiction and Venue*

■■■The INS's response to this Court's Minute Order of November 15, 1996 admits that the Seattle District Director is "an appropriate custodian over whom judicial process can be and has been served." INS Response, docket no. 4, at 1. Because jurisdiction over the Seattle District Director, as custodian, provides the Court with necessary jurisdiction, the Court DENIES the Government's motion to dismiss for lack of jurisdiction or improper venue. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Gurbisz v. U.S. I.N.S.,* 675 F.Supp. 436, 438 (N.D.Ill.1987).

### 2. *Effect of AEDPA*

On April 24, 1996, President Clinton signed into law the AEDPA. Section 401(e) of that statute amended 8 U.S.C. § 1105a(a)(10) to provide that a final order of deportation against an alien who is deportable by reason of having committed various specified aggravated felonies "shall not be subject to review by any court." AEDPA § 440(a). The issue presented here is whether, notwithstanding the clear congressional intent to eliminate court review of final orders of deportation for aggravated felons, the courts retain jurisdiction under 28 U.S.C. § 2241 to conduct habeas review. Since the effective date of the AEDPA, the only courts to consider the issue have concluded that habeas relief is available under 28 U.S.C. § 2241, but to obtain habeas relief the petitioner must demonstrate "a grave constitutional error or a fundamental miscarriage of justice in his deportation proceedings." *Powell v. Jennifer,* 937 F.Supp. 1245, 1252–53 (E.D.Mich.1996); *Mbiya v. I.N.S.,* 930 F.Supp. 609, 612 (N.D.Ga.1996). *See also Orozco v. U.S. I.N.S.,* 911 F.2d 539 (11th Cir.1990) (28 U.S.C. § 2241 provides basis for habeas jurisdiction).

■■ This Court concludes that 28 U.S.C. § 2241 preserves the writ of habeas corpus for aliens subjected to deportation for having committed aggravated felonies, but the writ is available only to challenge a fundamental miscarriage of justice. *Mbiya,* 930 F.Supp. at 612.

### 3. *Merits of Petitioner's Claim*

■■ Petitioner is not entitled to relief in this case. Petitioner's claim is that he was denied a fair hearing and due process of law because "the INS has failed to fully review the humanitarian factors which provide the petitioner with his sole basis for relief." Petition for Writ of Habeas Corpus, docket no. 1, at 7–8. The record demonstrates, however, that Petitioner was afforded a full and fair hearing. The Immigration Judge granted petitioner's request for a continuance to find counsel. Petitioner failed to obtain counsel and voluntarily agreed to proceed without counsel. During the hearing he admitted that he had been convicted of an aggravated felony (A.R. 69), and this evidence was sufficient to establish petitioner's deportability. 8 C.F.R. § 242.16(b). Petitioner is not eligible for political asylum due to his aggravated felony conviction. 8 U.S.C. § 1158(d); 8 C.F.R. § 208.14(d)(4). He is also ineligible for withholding of deportation. 8 U.S.C. § 1253(h)(2); 8 C.F.R. § 208.16(c)(2)(ii). Petitioner has failed to show any fundamental due process violation or any resulting prejudice that would entitle him to relief. In addition, his decision to proceed without counsel does not give rise to a claim under the Sixth Amendment. *See Baires v. I.N.S.,* 856 F.2d 89, 91 (9th Cir. 1988) (no Sixth Amendment right to counsel in deportation proceedings). Accordingly, Petitioner's petition for writ of habeas corpus must be DENIED.

## CONCLUSION

This Court has jurisdiction over the Petitioner. Petitioner has failed to establish any

grave constitutional error or fundamental miscarriage of justice in his deportation proceedings. Therefore, the Petition should be DISMISSED.